UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE
COMMISSION,

                                   Plaintiff,

                    v.

INTERNATIONAL INVESTMENT GROUP
LLC,

                                   Defendant.

---

No. 19-cv-10796 (DLC)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11 26 2019

## JUDGMENT AND PRELIMINARY ASSET FREEZE ORDER
## AS TO DEFENDANT INTERNATIONAL INVESTMENT GROUP LLC

The Securities and Exchange Commission having filed a Complaint and Defendant

International Investment Group LLC ("Defendant") having entered a general appearance;

consented to the Court's jurisdiction over Defendant and the subject matter of this action;

consented to entry of this Judgment and Preliminary Asset Freeze Order (the "Judgment");

waived findings of fact and conclusions of law; and waived any right to appeal from this

Judgment:

## I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant is

permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the

Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5

promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of

interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements

made, in light of the circumstances under which they were made, not misleading;
or

(c)      to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 (the "Advisers Act") [15 U.S.C. §§ 80(b)-6(1) and 80(b)-6(2)], by, while acting as an investment adviser, using any means or instrumentalities of interstate commerce, or any means or instruments of transportation or communication in interstate commerce, or by the mails or any facility of any national securities exchange:

(a)      to employ any device, scheme, or artifice to defraud any client or prospective client;

(b)      to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client; or

(c)      to engage in any acts, practices, or courses of business which are fraudulent, deceptive, or manipulative.

3

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)], and Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)]. The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission. Prejudgment interest shall be calculated from the dates of the violations, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that it did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties

may take discovery, including discovery from appropriate non-parties.

## V.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that,

pending a final disposition of this action, Defendant and each of its officers, agents, servants,

employees and attorneys and those persons in active concert or participation with them who

receive actual notice of this Judgment by personal service or otherwise, including facsimile

transmission, electronic mail, or overnight delivery service, shall hold and retain funds and other

assets of Defendant presently held by it, for its direct or indirect benefit, under its direct or

indirect control or over which it exercises actual or apparent investment or other authority, in

whatever form such assets may presently exist and wherever located, and shall prevent any

withdrawal, sale, payment (including, but not limited to, any charges on any credit card or draws

on any other credit arrangement), transfer, dissipation, assignment, pledge, alienation,

encumbrance, disposal, or diminution in value of any such funds or other assets, which are

hereby frozen, including, without limitation, such funds held in the accounts listed on Exhibit A,

except that (1) any amounts (including, without limitation, amounts advanced by Defendant's

insurers) allowed by the Court to pay legal expenses, upon application of Defendant or

application of any party claiming right to coverage under Defendant's insurance (which

applications the Commission retains the right to oppose), shall not be subject to the asset freeze;

and (2) any amounts held for the benefit of any of the private investment funds managed by

Defendant (the "Private Funds") and for which Defendant receives written instructions from the

duly appointed liquidator of such Private Fund shall not be subject to the asset freeze.

## VI.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that,
pending final disposition of this action, all banks, brokerage and other financial institutions and
other persons or entities which receive actual notice of this Judgment by personal service or
otherwise, including facsimile transmissions, electronic mail, or overnight delivery service,
holding any funds or other assets in the name, for the direct or indirect benefit, or under the
direct or indirect control of Defendant or over which they exercise actual or apparent investment
or other authority, in whatever form such assets may presently exist and wherever located, shall
hold and retain within their control and prohibit the withdrawal, removal, sale, payment
(including, but not limited to, any charges on any credit card or draws on any other credit
arrangement), transfer, dissipation, assignment, pledge, alienation, encumbrance, diminution in
value, or other disposal of any such funds or other assets; and that such funds and assets are
hereby frozen, including, without limitation, such funds held in the accounts listed on Exhibit A,
except that (1) any amounts (including, without limitation, amounts advanced by Defendant's
insurers) allowed by the Court to pay legal expenses, upon application of Defendant or
application of any party claiming right to coverage under Defendant's insurance (which
applications the Commission retains the right to oppose), shall not be subject to the asset freeze;
and (2) any amounts held for the benefit of the Private Funds and for which Defendant receives
written instructions from the duly appointed liquidator of such Private Fund shall not be subject
to the asset freeze.

## VII.

**IT IS FURTHER ORDERED** that no person or entity, including any creditor of or claimant against Defendant with actual notice of this Judgment (with the exception of any fiduciary appointed by a domestic or foreign court of competent jurisdiction), or any person acting on behalf of such creditor or claimant, shall take any action to interfere with funds or other assets in the name, for the direct or indirect benefit, or under the direct or indirect control of Defendant, including, but not limited to, the filing or continuation of any lawsuits, liens, or encumbrances, or bankruptcy cases to impact such funds or other assets. Any pending bankruptcy petition as to any of the Private Funds is excluded from the foregoing prohibitions. Any person or entity may petition the Court for relief from this paragraph upon three business days' notice to the Commission.

## VIII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## VIII.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.


Dated: _November 26_, 2019

_____
UNITED STATES DISTRICT JUDGE

7