# MORRISON | FOERSTER

250 WEST 55TH STREET
NEW YORK, NY  10019-9601

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

BEIJING, BERLIN, BOSTON,
BRUSSELS, DENVER, HONG KONG,
LONDON, LOS ANGELES, NEW YORK,
NORTHERN VIRGINIA, PALO ALTO,
SAN DIEGO, SAN FRANCISCO, SHANGHAI,
SINGAPORE, TOKYO, WASHINGTON, D.C.

December 10, 2019

Writer's Direct Contact
+1 (212) 468.8238
JHaims@mofo.com

**Via ECF**

Hon. Denise L. Cote
United States District Judge
United States District Court for the
Southern District of New York
500 Pearl Street, Room 1910
New York, NY 10007

Re:   SEC v. International Investment Group, LLC, 19 Civ. 10796 (S.D.N.Y.)

Dear Judge Cote:

We write on behalf of TriLinc Global Impact Fund, LLC ("TriLinc"), in response to the Court's November 26, 2019 Judgment and Preliminary Asset Freeze Order (the "Order") as to Defendant International Investment Group LLC ("IIG") entered in the above-captioned action.  We respectfully request relief from the Order pursuant to Section VII so that TriLinc can file an application in the Amsterdam District Court to declare IIG TOF B.V. ("TOF B.V.") bankrupt, pursuant to Article 4 of the Dutch Bankruptcy Act (the "Application").  We have notified the Securities and Exchange Commission and have been informed that the Commission does not object to the instant application.

**Background**

TriLinc is an impact investment fund that invests in small and medium sized companies in Latin America, Africa, and Asia.  TriLinc retained IIG as a sub-advisor in December 2012 to advise on the investment and management of a portion of its investment portfolio.  TOF B.V. is an investment advisory client of IIG engaged in the business of originating trade receivable financing transactions, and is a party to a Master Participation Agreement with IIG and TriLinc's subsidiary, TriLinc Global Impact Fund–Trade Finance, Ltd, dated as of June 4, 2013.  TOF B.V. is a Netherlands limited liability company and a wholly-owned subsidiary of IIG Trade Opportunities Fund N.V.  ("TOF N.V."), a Curaçao limited liability company currently in liquidation in Curaçao that is carved out from the Order.

ny-1818816

MORRISON | FOERSTER

Hon. Denise L. Cote
December 10, 2019
Page Two

At IIG's recommendation, TGIF invested in credit facilities originated by TOF B.V. for companies in Latin America.[1]  As a result of those investments, TriLinc currently holds claims against TOF B.V. in excess of $46 million.  One of the investments, which we believe is referenced in the Complaint (Compl. ¶¶ 54-58), was in a fictitious $6 million facility in March 2017 for an Argentinian company called Nacadie Comercial S.A.  TOF B.V. has also failed to pay the principal and interest on seven additional credit facilities.

TriLinc's interests in the TOF B.V. credit facilities are not currently represented in the pending liquidations of TOF N.V., Global Trade Finance Fund ("GTFF"), or Structured Trade Finance Fund ("STFF").  The appointment of an independent fiduciary (*i.e.*, a liquidator for TOF B.V.) is critical to protect the interests of TOF B.V.'s creditors, investors, and other stakeholders. The appointment of a liquidator for TOF B.V. will allow a fiduciary to conduct an accounting of TOF B.V.'s finances and assets, and marshal any such assets for the benefit of all of TOF B.V.'s creditors.  In addition, under Dutch law, the liquidator has the power to avoid *ultra vires* transactions and transfers that were made for less than fair value or made with the intent of defrauding creditors.

**The Dutch Bankruptcy Process**

TriLinc intends to file its Application for Declaration of Bankruptcy as soon as possible.  We are advised that after the Application is filed, the court bailiff will provide notice to the debtor and a hearing will be held no sooner than eight days later.  At the hearing, the petitioning creditor(s), the debtor, and any other interested parties (*e.g.*, regulators, government bodies) are provided the opportunity to argue for or against the granting of the Application.  We understand that the bankruptcy court generally decides whether to appoint a liquidator on the same day as the hearing.

If appointed, the liquidator will not completely displace TOF B.V.'s management, but they will assume a number of corporate powers, including the ability to: (1) conduct an accounting of the TOF B.V.'s financial affairs; (2) assume control over management and disposal of assets; (3) appear in TOF B.V.'s name in pending litigation; an (4) bring avoidance actions in name of the estate.  The costs and fees associated with the Dutch bankruptcy proceeding, as we understand, will be paid by TOF B.V.'s estate, and all other parties must bear their own costs (i.e. the estate does not have to pay for creditors' committee fees).

---

[1] These investments took the form of participation interests that give the buyer (*i.e.*, TriLinc) an economic interest in the credit the borrower owes to the lender (*i.e.*, TOF B.V.).  TOF B.V. retained ownership over the credit facility and managed the principal and interest payments from the borrowers.

ny-1818816

MORRISON | FOERSTER

Hon. Denise L. Cote
December 10, 2019
Page Three

**Conclusion**

TriLinc has claims against TOF B.V. in excess of $46 million arising from its acquisition of participation interests from TOF B.V. TriLinc's interests are not adequately protected by the pending liquidation proceedings in Curaçao or the Caymans. The appointment of a liquidator over TOF B.V. is necessary to protect the interests of TriLinc and other investors, creditors, and stakeholders in TOF B.V. We respectfully request that the Court grant TriLinc's request for relief from the Order so that TriLinc can commence the bankruptcy proceeding against TOF B.V. in the Netherlands.

Respectfully submitted,

*/s/ Joel C. Haims*

Joel C. Haims

cc: All counsel of record by ECF

ny-1818816