# EXHIBIT A

# KOBRE & KIM

10 MARKET STREET 410
CAMANA BAY, GRAND CAYMAN
CAYMAN ISLANDS, KY1-9006
WWW.KOBREKIM.COM
TEL +1 345 749 4000

10 January 2019

**BY EMAIL**

Mr. Philip A. Fortino
Division of Enforcement,
United States Securities and
Exchange Commission,
New York Regional Office,
200 Vesey Street, Suite 400,
New York, New York
10281-1022 U.S.A.

Our ref: 04640.001

Dear Mr. Fortino,

**Re:   SEC v. International Investment Group, LLC, 19 Civ. 10796 (S.D.N.Y.) ("SEC Proceedings")**

We write further to our telephone call with you earlier today. Thank you for taking the time to speak with us.

As discussed we act on behalf of LAM Enhanced Trade Finance Fund L.P., ("**LAM**"), who has petitioned to wind up IIG Structured Trade Finance Fund Ltd ("**STFF**") in the Grand Court in the Cayman Islands ("Cayman Court"). The hearing of the winding up petition is on Monday 13 January 2020 at 10 am.

LAM is the registered owner of 119,462.406 Participating Shares in STFF being 100% of the Participating Shares that have been issued by STFF to investors. In the circumstances LAM is the sole investor in STFF. The winding up petition pending in the Cayman Court is presented by them in their capacity as a shareholder of STFF. LAM holds the Participating Shares as custodian and nominee for Lime Asset Management. Lime Asset Management originally acquired the Participating Shares through Shinan Investment Corp. ("**Shinan**") (who at that time acted as custodian and nominee for Lime Asset Management) in May and June 2017. On 1 June 2018 the Participating Shares in STFF were transferred from Shinan to LAM because Lime Asset Management were proposing to sell their shares in STFF to a Singapore company and Shinan are only licensed to sell

AMERICAS (NEW YORK, BUENOS AIRES, CHICAGO, MIAMI, SAN FRANCISCO, SÃO PAULO, WASHINGTON DC)
ASIA-PACIFIC (HONG KONG, SEOUL, SHANGHAI), EMEA (LONDON, TEL AVIV), OFFSHORE (BVI, CAYMAN ISLANDS)

KOBRE & KIM REFERRED TO HEREIN IS A REFERENCE TO KOBRE & KIM (CAYMAN).

1

investments to the domestic market in Korea and so would not have been able to transfer the shares to the Singapore company. The transfer of the Participating Shares from LAM to the Singapore company has not been completed.

LAM presented a winding up petition to the Cayman Court on 30 October 2019 (copy enclosed) ("**First Petition**"). Section 94 (3) of the Cayman Islands Companies Law (2018 Revision) provides that for a shareholder whose shares are fully paid up to have standing to present a winding up petition that shareholder must have been the registered owner of the shares for a period of at least 6 months prior to the presentation of the winding up petition. LAM only became the registered owner of the Participating Shares on 1 June 2018. Therefore, as at the date the First Petition was presented LAM had only been the registered owner of the Participating Shares for 5 months. LAM elected to present the First Petition even though they were aware of this standing issue because of concerns about assets belonging to STFF being dissipated. The effect of the presentation of a winding up petition under Cayman Islands law is to render any dealings with the company's assets or shares between presentation of the petition and the making of a winding up order void.

In order to cure the problem with the First Petition, LAM re-presented the winding up petition on 4 December 2019 (copy enclosed) ("**Second Petition**"). LAM then agreed to withdraw the First Petition. This is reflected in the recitals to an Order dated 3 January 2020 (copy enclosed). The First Petition and the Second Petition each have their own case number: FSD 216 of 2019 and FSD 240 of 2019 and so whilst they are connected (sworn affidavit evidence relied on in respect of the First Petition is being relied upon in respect of the Second Petition and they are based upon similar evidence) they are in reality separate sets of winding up proceedings.

We are aware that in the SEC Proceedings on 26 November 2019, judgment and a preliminary asset freeze order ("**Asset Freeze Order**") was obtained against International Investment Group LLC ("**IIG**"), STFF's investment manager. We note that the Asset Freeze Order freezes all funds and assets held or controlled by IIG but states that: "*any amounts held for the benefit of any of the private investment funds managed by the Defendant ('Private Funds") and for which the Defendant receives written instructions from the duly appointed liquidator of such Private Fund shall not be subject to the asset freeze.*" (See: Part V of the Asset Freeze Order). However Part VII of the Asset Freeze Order prohibits any action that might interfere with funds or other assets in the name of or controlled by IIG including the filing of (amongst other things) bankruptcy cases which may impact such funds or assets.

As discussed, because the Second Petition was not pending as at 26 November 2019, it appears it may contravene the provision contained in Part VII of the Asset Freeze Order because the Second Petition was presented on 4 December 2019. We note from the letter sent by the SEC to Judge in the SEC Proceedings dated 22 November 2019, that the Judge was informed that two of the Private Funds were the subject of ongoing insolvency proceedings in the Cayman Islands (presumably STFF and IIG Global Trade Finance Fund Limited) and the purpose of the Asset Freeze Order was to preserve IIG's assets but to ensure the status quo was preserved "*with respect to any assets that remain under IIG's direct control while the liquidators appointed in the Foreign Bankruptcy Proceedings as assuming control of those asset* [and so] *as not to disrupt or frustrate the ongoing Foreign Bankruptcy Proceedings or asset transfers made on the liquidators' instructions*". In the circumstances it is apparent from that letter that the Asset Freeze Order was not intended to frustrate

AMERICAS (NEW YORK, BUENOS AIRES, CHICAGO, MIAMI, SAN FRANCISCO, SÃO PAULO, WASHINGTON DC)
ASIA-PACIFIC (HONG KONG, SEOUL, SHANGHAI), EMEA (LONDON, TEL AVIV), OFFSHORE (BVI, CAYMAN ISLANDS)

KOBRE & KIM REFERRED TO HEREIN IS A REFERENCE TO KOBRE & KIM (CAYMAN).

2

or prevent STFF from being placed into liquidation in Cayman Islands.

During our earlier telephone call you helpfully confirmed that it is very unlikely that anyone in the SEC would seek to allege that the Second Petition violates the Asset Freeze Order and further the SEC would not seek to enforce the litigation stay granted in the SEC Proceedings over the Cayman winding up proceedings against STFF and prevent a winding up order being made by the Cayman Court at the hearing on Monday 13 January 2020.

We agreed that we would write to you in these terms so that you could consider whether it is necessary for you to write to: (a) inform the judge in the SEC Proceedings of this technical issue that has arisen due to LAM not being the registered holder of the Participating Shares as at the date of the First Petition; and (b) confirm that the SEC does not object to a winding up order being made at the hearing on 13 January 2020 prior to the hearing which is at 10 am ET in the Cayman Islands because it was not intended that the Asset Freeze Order should prevent a winding up order being made against STFF in the Cayman Islands.

We look forward to hearing from you and thank you for agreeing to handle this in advance of our hearing on Monday 13 January 2020 at 10 am.

Yours sincerely,

*Rebecca Hume*

Rebecca Hume, Partner

KOBRE & KIM (CAYMAN)

Encls.

AMERICAS (NEW YORK, BUENOS AIRES, CHICAGO, MIAMI, SAN FRANCISCO, SÃO PAULO, WASHINGTON DC)
ASIA-PACIFIC (HONG KONG, SEOUL, SHANGHAI), EMEA (LONDON, TEL AVIV), OFFSHORE (BVI, CAYMAN ISLANDS)

KOBRE & KIM REFERRED TO HEREIN IS A REFERENCE TO KOBRE & KIM (CAYMAN).

3