# EXHIBIT C

**IN THE GRAND COURT OF THE CAYMAN ISLANDS**
**FINANCIAL SERVICES DIVISION**

CAUSE NO FSD 216 OF 2019 (    )

**IN THE MATTER OF THE COMPANIES LAW (2018 REVISION)**

**AND IN THE MATTER OF IIG STRUCTURED TRADE FINANCE FUND LTD**



**WINDING UP PETITION**

**To the Grand Court**

The humble petition of LAM Global Management Ltd I, as General Partner for LAM Enhanced Trade Finance Fund I L.P. both of c/o Walkers Corporate Limited, Cayman Corporate Centre, 27 Hospital Road, George Town, Grand Cayman KY1-9008, Cayman Islands, (together, the **"Petitioners"**) shows that:

**A.    Introduction**

1. The Petitioners present this petition for the winding up of IIG Structured Trade Finance Fund Ltd (**"STFF"** or **"Company"**). LAM Enhanced Trade Finance Fund I L.P. (**"LAM"**) is a shareholder in the Company holding 119,462.406 participating non-voting shares (the **"Participating Shares"**) representing 100% of the Participating Shares issued by the Company.

2. The Petitioners seek the winding up of the Company pursuant to Section 92(e) of the Companies Law (2018 Revision) on the grounds that it is just and equitable to do so because there has been a failure and/or loss of the substratum of the Company.

3. The Company was incorporated in the Cayman Islands on 7 June 2017 as an exempted limited company, with company registration number 323564 pursuant to the Companies Law (as amended). The registered office of the Company is at Maples Corporate Services Limited, PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands.

THIS PETITION was presented by Kobre & Kim (Cayman) of physical address: 9 Forum Lane, Suite 3207, Camana Bay, Grand Cayman, Cayman Islands KY1-9006 and mailing address: 10 Market Street, PO Box 410, Camana Bay, Grand Cayman, Cayman Islands, KY1-9006, Attorneys-at-Law for the Petitioners whose address for service is that of its said attorneys

6

4.   The authorised share capital of the Company is US$50,000 divided into 1,000 Management Shares (which are non-participating shares) of US$1.00 par value each and 4,900,000 Participating Shares of US$0.01 par value each.

5.   The Company was incorporated as an open-ended investment fund. The Offering Memorandum of the Company dated June 2017 (the **"Offering Memorandum"**) states that the investment objective of the Company is to *"provide consistent returns through a professionally managed portfolio investing in financial instruments issued in connection with or enterprises engaged in, global trade finance transactions."* The Company's stated objective was to invest primarily in trade or trade-related revolving credit lines, term loans or other facilities of transactions, however structured, predominantly in emerging markets in particular Latin America.  As far as the Petitioners were aware over 93% of the loans were made to businesses located in Argentina, Peru, Columbia, Ecuador, Uruguay and Panama.

B.   **Management Structure**

6.   The Petitioners understand that the Directors of the Company are Andrés Carral who is stated in the Offering Memorandum to be Senior Managing Partner of Carral Y Asociados in Mexico and Martin Laidlaw of Premier Fiduciary Services (Cayman) Limited of Ground Floor Winward 1, Regatta Office Park, George Town, Grand Cayman, KY1-1201, Cayman Islands, who provide their services as non-executive directors responsible for the overall investment policies of the Company with the day to day management and administration of the Company being delegated by them to the investment advisor and administrator to the Company. At no time did the Petitioners have any direct contact with the Directors, other than through correspondence which they sent to the shareholder of the Company on its behalf.

7.   The Offering Memorandum states that the investment advisor is The International Investment Group L.L.C. (**"IIG"**). IIG is responsible for the management of the Company's investments pursuant to an Investment Advisory Agreement entered into between the Company and IIG. IIG is stated to be an investment firm organized under the laws of New

THIS PETITION was presented by Kobre & Kim (Cayman) of physical address: 9 Forum Lane, Suite 3207, Camana Bay, Grand Cayman, Cayman Islands KY1-9006 and mailing address: 10 Market Street, PO Box 410, Camana Bay, Grand Cayman, Cayman Islands, KY1-9006, Attorneys-at-Law for the Petitioners whose address for service is that of its said attorneys

7

Jersey in the U.S.A. Its founders and owners are stated to be David Hu and Martin S. Silver. At all material times the Petitioners dealt with Mr Hu and/or Mr. Silver and/or IIG's employees.

8. The Offering Memorandum states that Maples Fund Services (Cayman) Limited, a licensed mutual fund administrator headquartered in the Cayman Islands is the Company's administrator (the **"Administrator"**).

9. The Offering Memorandum also states that MaplesFS Limited, a trust company registered with the Cayman Islands Monetary Authority, holds the sole issued Management Share, which is the only voting and non-participating share of the Company, as **"Share Trustee"**.

C. **Background to the Petitioner's Investment in the STFF**

10. LAM is a Cayman Islands exempted limited partnership formed under the Exempted Limited Partnerships Law on 27 March 2019 with registration number WC-10094. Its general partner is LAM Global Management Ltd I a Cayman Island exempted limited company incorporated under the Companies Law on 21 March 2019 with registration number 349214.

11. Shinhan Investment Corp (**"Shinhan"**) is a company incorporated in Seoul, South Korea on 2 April 1973 under business registration number 116-81-36684, which operates as a securities brokerage and investment banking company and is the primary brokerage service provider for Lime Asset Management. Its registered office is at 70 Yeoui-daero, Yeongdeungpo-gu, Seoul, Korea, 07325. In or about May and June 2017 Shinan subscribed for participating shares in IIG Global Trade Finance Fund Ltd (**"GTFF"**) with a value of US$70,000,000, an affiliated fund to STFF, which has common directors, a common administrator and investment advisor to STFF. Shinhan held such shares as nominee on behalf of Lime Asset Management.

12. In or about May 2017, IIG informed Shinhan that they could establish a new fund for Shinhan, which would have similar investments to GTFF with the same credit valuation

THIS PETITION was presented by Kobre & Kim (Cayman) of physical address: 9 Forum Lane, Suite 3207, Camana Bay, Grand Cayman, Cayman Islands KY1-9006 and mailing address: 10 Market Street, PO Box 410, Camana Bay, Grand Cayman, Cayman Islands, KY1-9006, Attorneys-at-Law for the Petitioners whose address for service is that of its said attorneys

8

process but the investments would have a slightly longer duration, resulting in a return that was approximately 60 basis points higher than the return provided by GTFF.

13. Pursuant to a Subscription Agreement dated 20 June 2017 Shinhan subscribed for Participating Shares in STFF with a value of US$63,000,000 on behalf of Lime Asset Management.

14. Pursuant to a Subscription Agreement dated 19 July 2017 Shinhan subscribed for additional Participating Shares in STFF with a value of US$37,000,000 on behalf of Lime Asset Management.

15. Pursuant to a Subscription Agreement dated 18 September 2017 Shinhan subscribed for additional Participating Shares in STFF with a value of $20,000,000 on behalf of Lime Asset Management.

16. As a result of the share subscriptions set out at paragraphs 12 to 14 above inclusive, Shinhan became the holder of 119,462.406 Participating Shares in the Company, which it held as nominee for Lime Asset Management.

17. In or about January 2019 Lime Asset Management discovered that the assets of STFF (and GTFF) were seriously impaired and so agreed with Triterras Asia Pte. Ltd ("**Triterras**"), a company incorporated in Singapore and experienced in managing distressed loans held by trade finance funds, that they would sell the Participating Shares held by Shinhan in STFF (and GTFF) to Triterras. Since Shinhan is only licensed to sell investments to the domestic market in Korea, the Participating Shares held by Shinhan had to be transferred to another entity to facilitate the transfer to Triterras.

18. In or about May 2019 Shinhan transferred all of the shares held in STFF to LAM, the consideration for which was that Shinhan became a limited partner of LAM.

19. On 1 June 2019 the Administrator of STFF sent a transfer confirmation to LAM to confirm the transfer of 119,462.406 Participating Shares from Shinhan to LAM had been registered by STFF.

THIS PETITION was presented by Kobre & Kim (Cayman) of physical address: 9 Forum Lane, Suite 3207, Camana Bay, Grand Cayman, Cayman Islands KY1-9006 and mailing address: 10 Market Street, PO Box 410, Camana Bay, Grand Cayman, Cayman Islands, KY1-9006, Attorneys-at-Law for the Petitioners whose address for service is that of its said attorneys

9

20. Due to a winding up petition presented by Non-UCITS Aktia Trade Finance (**"Aktia"**) against GTFF in this Court under cause number FSD No: 160 of 2019 (RPJ) on 22 August 2019 (the **"GTFF Winding Up Petition"**) the transfer of the Participating Shares held by the Petitioners in STFF (and GTFF) have not been transferred by the Petitioners to Triterras.

21. The last net asset value (**"NAV"**) statements that the Petitioners have for their shareholding in STFF are for the period 1 April to 30 April 2018. Neither Shinhan nor the Petitioners have received any NAV statements since April 2018. Shinhan and the Petitioners have contacted the Administrator on numerous occasions to request copies of the NAV statements for the period since April 2018. The Administrator has advised Shinhan and the Petitioners that they are unable to produce any further NAV statements due to IIG's failure to provide the Administrator with the NAV calculations necessary to enable the Administrator to prepare the outstanding NAV statements.

D. **Loss of Substratum.**

22. On 14 November 2018 Shinhan received a letter addressed jointly to the registered shareholders of STFF and GTFF ("**November Letter**"), which stated that:

    a) In June 2018 IIG and its owners Mr. Silver and Mr. Hu had received subpoenas from the U.S. Securities and Exchange Commission (**"SEC"**) seeking documents and information about IIG's policies, fund assets and other documents relating primarily to the valuation of assets in the portfolios of the funds it manages;

    b) Given the market conditions in South America and the SEC inquiry, IIG have advised STFF's and GTFF's directors that IIG intends to wind down both funds and that they have engaged an independent qualified consultant, Scott Steinberg, who has represented distressed businesses for 35 years to assist with winding down the funds;

    c) Various factors have resulted in or will be likely to result in significant impairment to the value of both funds' assets;

    d) They do not anticipate distributing NAVs or completing any audits currently underway in the foreseeable future; and

THIS PETITION was presented by Kobre & Kim (Cayman) of physical address: 9 Forum Lane, Suite 3207, Camana Bay, Grand Cayman, Cayman Islands KY1-9006 and mailing address: 10 Market Street, PO Box 410, Camana Bay, Grand Cayman, Cayman Islands, KY1-9006, Attorneys-at-Law for the Petitioners whose address for service is that of its said attorneys

10

e) The directors of STFF and GTFF have resolved to suspend all redemptions.

The letter is copied to the directors and Mr. Silver and Mr. Hu.

23. Copies of the resolutions were not attached to the November Letter and prior to receiving that letter Shinhan did not receive any notification that a resolution suspending the redemptions of STFF had been passed.

24. The Petitioners understand that the SEC investigation into the conduct of IIG is ongoing.

25. In or about December 2018 Shinhan was advised by Mr Steinberg that he had been appointed by the Directors as an internal advisor in respect of the wind down of STFF and that his role was to ensure STFF's assets were realized as efficiently as possible and not on a fire sale basis. No agreement to a soft wind down of STFF was sought from Shinhan by the Directors or IIG. Further the Offering Memorandum does not support the proposition that a soft wind down was in the contemplation of STFF or its investors when they subscribed for shares in STFF.

26. In or about January 2019 Shinhan was informed by IIG that $40M of STFF's loan portfolio had been written off and $40M of STFF's loan portfolio was in default and/or in "work out". Since the meeting in January 2019 neither Shinhan nor the Petitioners have received any communication from IIG or Mr. Hu or Mr. Silver.

27. By an email dated 23 August 2019 Mr. Steinberg advised the Petitioners that very little of the assets had been liquidated and that he had resigned due to "*various managerial and operational issues*" and that he had accomplished all he could. Mr Steinberg subsequently informed the Petitioners that he had not been provided with all of the information by IIG to enable him to realize STFF's assets.

28. By an email dated 26 August 2019 Mr. Steinberg advised the Petitioners that the GTFF Winding Up Petition had been presented by Atkia and provided the Petitioner with a copy of the GTFF Winding Up Petition.

THIS PETITION was presented by Kobre & Kim (Cayman) of physical address: 9 Forum Lane, Suite 3207, Camana Bay, Grand Cayman, Cayman Islands KY1-9006 and mailing address: 10 Market Street, PO Box 410, Camana Bay, Grand Cayman, Cayman Islands, KY1-9006, Attorneys-at-Law for the Petitioners whose address for service is that of its said attorneys

11

29. On 20 September 2019 the Petitioners received notification from Arthur Jakoby, a partner in the New York law firm of Herrick, Feinstein LLP, advising that he had been retained by STFF's and GTFF's directors to assist with the liquidation of the funds' assets.

30. The Petitioners have been advised that as a result of the winding up petition presented by Aktia, Mr. Jakoby has informed the Directors of GTFF and STFF that he is unable to take control of the assets of both GTFF and STFF to proceed to liquidate those assets until the outcome of the winding up petition is determined.

31. On 23 October 2019 a winding up order was made by the Cayman Islands Court in respect of GTFF and Mr. Christopher Kennedy and Mr. Alexander Lawson of Alvarez & Marsal Cayman Islands Limited were appointed Joint Official Liquidators of GTFF.

32. The Petitioners have been advised by Mr. Jakoby that due to concerns about the ability to obtain the necessary cooperation from Mr. Hu and Mr. Silver required to realize the assets of STFF, Mr. Jakoby believes that in order to realize such assets independent liquidators should be appointed.

### E. Concerns about STFF's Management and Assets

33. In or about October 2019 Mr. Jakoby advised the Petitioners' U.S. lawyers Milbank of the following issues regarding the assets and management of STFF by IIG, which cause the Petitioners serious concern:

    a) A total sum of $220 million was raised from investors in STFF and GTFF, $120 million of which was invested by the Petitioner in STFF and $70 million was invested by the Petitioner in GTFF. The Petitioners understand that Mr. Jakoby has discovered that $170 million of the said sum of $220 million was used to pay off old investors unconnected with GTFF and STFF in a defaulted collateralized loan obligation.

    b) Many of the loans made by STFF and GTFF have been in default for at least 2 years and may have been in default when STFF and GTFF acquired the loans suggesting that they were not new investments made by STFF and GTFF but acquired from

THIS PETITION was presented by Kobre & Kim (Cayman) of physical address: 9 Forum Lane, Suite 3207, Camana Bay, Grand Cayman, Cayman Islands KY1-9006 and mailing address: 10 Market Street, PO Box 410, Camana Bay, Grand Cayman, Cayman Islands, KY1-9006, Attorneys-at-Law for the Petitioners whose address for service is that of its said attorneys

12

another fund managed by IIG. Further no material interest payments appear to have been made on the loans since their acquisition.

c) Mr. Hu's lawyers advised Mr. Jakoby that a loan of US$ 74M which was made to an Argentinian company called "Vinsentin", was settled for US $34 million. The net sum of $22 million from that settlement is being held in an escrow account with a New York law firm called Caffetz Lindsey. Apparently, the sum of US$5 million was paid in legal fees and the sum of $2.6 million was paid to "brokers" out of the settlement of US$34 million paid by Vinsentin, leaving US $4.4 million of the total sum of U$ $34 million unaccounted for.

F.   **Conclusion**

34. In the circumstances it is apparent that the Company's substratum has failed because:

   a) On its own admission since December 2018 the Company ceased to carry out any investment business as set out in the Offering Memorandum, or at all, and has most likely not been carrying out any investment business since April 2018 when the last NAV statements were produced; and

   b) The wind down and liquidation of the Company's assets has not progressed despite being initially instigated by the Directors of the Company in December 2018 and is not capable of being achieved absent the appointment of independent liquidator to wind up the Company in accordance with the views of the Petitioners as the sole investors in the Company and not the Directors and/or IIG.

35. In all the circumstances the Petitioners, being the sole investor in the Company and not having consented to a soft wind down under the control of the Directors of the Company, seek the appointment of independent liquidators to the Company in order that the Company can be wound up in an orderly and proper manner and the serious concerns that have been uncovered about the management of the Company set out at paragraph 30 above can be properly investigated.

THIS PETITION was presented by Kobre & Kim (Cayman) of physical address: 9 Forum Lane, Suite 3207, Camana Bay, Grand Cayman, Cayman Islands KY1-9006 and mailing address: 10 Market Street, PO Box 410, Camana Bay, Grand Cayman, Cayman Islands, KY1-9006, Attorneys-at-Law for the Petitioners whose address for service is that of its said attorneys

**G.   Relief Sought**

36.  In the premises it is just and equitable in all the circumstances that the Company should be wound up pursuant to section 92(e) of the Companies Law.

37.  The Petitioner nominates Mr. Christopher Kennedy and Mr. Alexander Lawson of Alvarez & Marsal Cayman Islands Limited, Flagship Building, PO Box 2507, 70 Harbour Drive, George Town, Grand Cayman, KY1-1104 Cayman Islands for the appointment as the joint official liquidators of the Company.

**YOUR PETITIONERS THEREFORE HUMBLY PRAYS THAT:-**

(1)  The Company be wound up in accordance with the Companies Law.

(2)  Christopher Kennedy and Alexander Lawson of Alvarez & Marsal Cayman Islands Limited, Flagship Building, PO Box 2507, 70 Harbour Drive, George Town, Grand Cayman, KY1-1104 Cayman Islands be appointed joint official liquidators ("**JOLs**").

(3)  The JOLs shall not be required to give security for their appointment.

(4)  The JOLs have the power to act jointly and severally in their capacity as liquidators of the STFF.

(5)  The JOLs be authorised to take any such action as may be necessary or desirable to obtain recognition of the JOLs and/or their appointment in any other relevant jurisdiction and to make such application to the courts of such jurisdiction for that purposes.

(6)  In addition to the powers set out in Part II of the Third Schedule to the Companies Law the JOLs be authorised to exercise all of the powers set out in paragraphs 1, 2, 4, 7, 10, and 11 of Part 1 of the Third Schedule to the Companies Law and section 110(2) thereof, without further sanction or intervention of this Honourable Court.

THIS PETITION was presented by Kobre & Kim (Cayman) of physical address: 9 Forum Lane, Suite 3207, Camana Bay, Grand Cayman, Cayman Islands KY1-9006 and mailing address: 10 Market Street, PO Box 410, Camana Bay, Grand Cayman, Cayman Islands, KY1-9006, Attorneys-at-Law for the Petitioners whose address for service is that of its said attorneys

14

(7) The JOLs be authorised to do any act or thing considered by them to be necessary or desirable in connection with the liquidation of the Company and the winding up of its affairs in the Cayman Islands and/or elsewhere.

(8) The JOLs be at liberty to appoint such counsel, attorneys, professional advisors, whether in the Cayman Islands or elsewhere, as they may consider necessary to advise and assist them in the performance of their duties in accordance with Order 25 of the Companies Winding Up Rules 2008 (as amended).

(9) No disposition of the property of the Company by or with the authority of the JOLs in carrying out their duties and functions and the exercise of their power under any Order granted pursuant to this Petition shall be voided by virtue of section 99 of the Companies Law.

(10) Subject to section 109(2) of the Companies Law and the Insolvency Practitioner's Regulations 2008 (as amended), the JOLs be authorised to render and pay invoices out of the assets of the Company for their own remuneration.

(11) The JOLs be at liberty to meet all disbursements reasonably incurred in connection with the performance of their duties and, for the avoidance of doubt, all such payments shall be made as and when they fall due out of the assets of the Company as an expense of the liquidation.

(12) The JOLs be at liberty to apply generally.

(13) The Petitioners' costs of and incidental to the Petition be paid forthwith out of the assets of the Company on the standard basis.

(14) Such further or other relief be granted as the Court deems appropriate.

THIS PETITION was presented by Kobre & Kim (Cayman) of physical address: 9 Forum Lane, Suite 3207, Camana Bay, Grand Cayman, Cayman Islands KY1-9006 and mailing address: 10 Market Street, PO Box 410, Camana Bay, Grand Cayman, Cayman Islands, KY1-9006, Attorneys-at-Law for the Petitioners whose address for service is that of its said attorneys

15

**AND** your Petitioner will ever pray etc.

Dated the 24th day of October 2019

_____
**KOBRE & KIM (CAYMAN)**
Attorneys at Law for the Petitioners

**NOTE**: This petition is intended to be served on the Company at its Registered Office.

**NOTICE OF HEARING**

**TAKE NOTICE THAT** the hearing of this petition will take place at the Law Courts, George Town, Grand Cayman, on 22nd November 2019 at 10.00am. Any correspondence or communication with the Court relating to the hearing of this petition should be addressed to the Registrar of the Financial Services Division of the Grand Court at PO Box 495, Grand Cayman, KY1-1106, telephone 345 949 4296.

THIS PETITION was presented by Kobre & Kim (Cayman) of physical address: 9 Forum Lane, Suite 3207, Camana Bay, Grand Cayman, Cayman Islands KY1-9006 and mailing address: 10 Market Street, PO Box 410, Camana Bay, Grand Cayman, Cayman Islands, KY1-9006, Attorneys-at-Law for the Petitioners whose address for service is that of its said attorneys