# KOBRE & KIM

10 MARKET STREET 410
CAMANA BAY, GRAND CAYMAN
CAYMAN ISLANDS, KY1-9006
WWW.KOBREKIM.COM
TEL +1 345 749 4000

January 15, 2020

**VIA ECF**
The Honorable Denise L. Cote
United States District Court
Southern District of New York
500 Pearl Street, Room 1910
New York, NY 10007 U.S.A.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/16/2020
```

Re:   *SEC v. International Investment Group, LLC*, 19-cv-10796 (DLC)

Dear Judge Cote:

We represent LAM Enhanced Trade Finance Fund L.P., ("LAM"), who presented a winding up petition against IIG Structured Trade Finance Fund Ltd ("STFF") on December 4, 2019 in proceedings in the Cayman Islands under cause number FSD No. 240 of 2019 (NJS) ("Cayman Bankruptcy Proceedings"). We write to respectfully request the Court approve a variation to the Judgment and Preliminary Asset Freeze Order made on November 26, 2019 (DE 9, "Asset Freeze Order") to confirm that to the extent that the Cayman Bankruptcy Proceedings are subject to Part VII of the Asset Freeze Order ("Part VII") they be excluded from such prohibitions.

The plaintiff, the Securities and Exchange Commission ("SEC"), has confirmed it does not object to the Cayman Bankruptcy Proceedings being carved out of the prohibitions contained in Part VII and advised that we should write to the Court to request such relief. *See* Ex. A (Letter from Kobre & Kim LLP ("K&K") to SEC, dated Jan. 10, 2020), Ex. B (Email from SEC to K&K, dated Jan. 13, 2020).

## I. Background

LAM is the registered owner of 100% of the participating shares that have been issued by STFF to investors ("Participating Shares"). In the circumstances LAM is the sole investor in STFF. LAM is an exempted limited partnership formed under the Cayman Islands Exempted Limited Partnership Law on March 27, 2019. It is operated and managed in South Korea, where its sole limited partner Lime Asset Management is incorporated and also operates its business. LAM does not have any business or operations in the United States of America.

LAM commenced the Cayman Bankruptcy Proceedings in its capacity as shareholder of STFF. LAM holds the Participating Shares as custodian and nominee for Lime Asset Management ("Lime"). Lime acquired the Participating Shares in May and June 2017 through Shinan Investment Corp. ("Shinan") (who at that time acted as custodian for Lime). On June 1, 2018 the Participating Shares were transferred by Shinan to LAM because Lime wished to sell the Participating Shares to a

Hon. Denise L. Cote
January 15, 2020
Page 2

Singapore company. This was because Shinan is only licensed to sell investments to the domestic market in Korea.

On October 30, 2019 (prior to the Cayman Bankruptcy Proceedings) LAM presented a winding up petition to the Cayman Court (Ex. C) ("First Petition"). Section 94 (3) of the Cayman Islands Companies Law (2018 Revision) provides that:

> *"A contributory is not entitled to present a winding up petition unless either:*
> *(a) the shares in respect of which he is a contributory, or some of them are partly paid; or*
> *(b) the shares in respect of which he is a contributory, or some of them either were-*
> *(i) originally allotted to him or have been held by him and registered in his name for a period of at least six months immediately preceding the presentation of the winding up petition;..."*

In the circumstances, LAM did not have standing to present the First Petition because LAM only became the registered owner of the Participating Shares on June 1, 2018, and so had only held the Participating Shares for five months as of the date of presentation of the First Petition (Oct. 30, 2019). LAM elected to present the First Petition despite this issue because of concerns about STFF's assets being dissipated. The presentation of a winding up petition under Cayman Islands law renders any dealings with the company's assets or shares between presentation of the petition and the making of a winding up order void.[1]

In order to cure the problem with the First Petition, LAM agreed to re-present the winding up petition (*see* Ex. D, "the Cayman Bankruptcy Proceedings," dated Dec. 4, 2019) and withdraw the First Petition. This is reflected in the recitals to an Order dated January 3, 2020. *See* Ex. E. The First Petition and the Cayman Bankruptcy Proceedings have their own case numbers: FSD 216 of 2019 and FSD 240 of 2019 respectively, and so whilst they are connected (i.e. the same sworn affidavit evidence is relied upon in both sets of proceedings), they are separate winding up proceedings.

## II. Effect of Asset Freeze Order and Relief Sought

The Asset Freeze Order freezes all funds and assets held or controlled by the Defendant but states that: *"any amounts held for the benefit of any of the private investment funds managed by the Defendant ('Private Funds') and for which the Defendant receives written instructions from the duly appointed liquidator of such Private Fund shall not be subject to the asset freeze."* See Asset Freeze Order at 5. However Part VII prohibits any action that might interfere with funds or other assets held or controlled by the Defendant, including the filing of bankruptcy cases which may impact such funds or assets.

Because the Cayman Bankruptcy Proceedings were not pending as of November 26, 2019, it appears they may contravene Part VII. The letter from the SEC to the Court dated November 22, 2019 (DE 7) states that two of the Private Funds were the subject of ongoing insolvency proceedings in the Cayman Islands (presumably STFF and IIG Global Trade Finance Fund Limited) and the

---

[1] Section 99 Companies Law (2019 Revision).

AMERICAS (NEW YORK, BUENOS AIRES, CHICAGO, MIAMI, SAN FRANCISCO, SÃO PAULO, WASHINGTON DC)
ASIA-PACIFIC (HONG KONG, SEOUL, SHANGHAI), EMEA (LONDON, TEL AVIV), OFFSHORE (BVI, CAYMAN ISLANDS)

KOBRE & KIM REFERRED TO HEREIN IS A REFERENCE TO KOBRE & KIM (CAYMAN).

Hon. Denise L. Cote
January 15, 2020
Page 3

purpose of the Asset Freeze Order was to preserve Defendant's assets but to ensure the status quo was preserved *"with respect to any investor assets that remain under IIG's direct control while the liquidators appointed in the Foreign Bankruptcy Proceedings are assuming control of those asset* [and so] *as not to disrupt or frustrate the ongoing Foreign Bankruptcy Proceedings…"*. DE 7 at 2. In the circumstances, the letter confirms the Asset Freeze Order was not intended to frustrate or prevent STFF from being placed into liquidation in Cayman Islands. This is consistent with the SEC's position, who have confirmed they do not object to the relief being sought.

The Cayman Bankruptcy Proceedings were heard on January 13, 2020. Mr. Justice Segal confirmed that he was happy to make a winding up order in respect of STFF but that whilst LAM may or may not be subject to the jurisdiction of the United States District Court, he would exercise his discretion and ordered that order shall not take effect until the relief sought in this letter is obtained from the Court.

In all the circumstances LAM respectfully requests that the Court varies Part VII as follows to provide that the Cayman Bankruptcy Proceedings be excluded from the prohibitions set out in Part VII:

*"Part VII of the Judgment and Preliminary Asset Freeze Order as to Defendant International Investment Group LLC dated 26 November 2019 ("Asset Freeze Order") be varied to provide that the winding up proceedings commenced by LAM Enhanced Trade Finance Fund L.P. against IIG Structured Trade Finance Fund Ltd on December 4, 2019 in proceedings under cause number FSD No. 240 of 2019 (NJS) in the Financial Division of the Grand Court in the Cayman Islands shall be excluded from the prohibitions contained in Part VII of the Asset Freeze Order"*.

\*\*\*

AMERICAS (NEW YORK, BUENOS AIRES, CHICAGO, MIAMI, SAN FRANCISCO, SÃO PAULO, WASHINGTON DC)
ASIA-PACIFIC (HONG KONG, SEOUL, SHANGHAI), EMEA (LONDON, TEL AVIV), OFFSHORE (BVI, CAYMAN ISLANDS)

KOBRE & KIM REFERRED TO HEREIN IS A REFERENCE TO KOBRE & KIM (CAYMAN).

Hon. Denise L. Cote
January 15, 2020
Page 4

    In the event that the Court has any questions regarding LAM's request that the Court varies Part VII, we are happy to make ourselves available to discuss such questions at a status conference or otherwise at the Court's convenience.

    Respectfully submitted,

/s/ D. Farrington Yates

D. Farrington Yates
**KOBRE & KIM LLP**
800 Third Avenue
New York, New York 10022
(212) 488-1200
Farrington.Yates@kobrekim.com

Rebecca Hume
**KOBRE & KIM (CAYMAN)**
9 Forum Lane, Suite 3207
Camana Bay, Grand Cayman
Cayman Islands, KY1-9006
(345) 749-4000
Rebecca.Hume@kobrekim.com

*Attorneys for LAM Enhanced Trade Finance Fund L.P.*

Encls.

cc: Philip A. Fortino, Counsel for Securities and Exchange Commission

*Granted.*
*Denise Cote*
*1/16/20*

AMERICAS (NEW YORK, BUENOS AIRES, CHICAGO, MIAMI, SAN FRANCISCO, SÃO PAULO, WASHINGTON DC)
ASIA-PACIFIC (HONG KONG, SEOUL, SHANGHAI), EMEA (LONDON, TEL AVIV), OFFSHORE (BVI, CAYMAN ISLANDS)

KOBRE & KIM REFERRED TO HEREIN IS A REFERENCE TO KOBRE & KIM (CAYMAN).