

Stephen B. Selbst
Partner
Phone: 212.592.1405
Fax: 212.545.2313
sselbst@herrick.com

April 1, 2020

VIA ECF

Honorable Denise L. Cote
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: Securities and Exchange Commission v. International Investment Group LLC-- 19-cv-10796 (DLC) (S.D.N.Y)

Dear Judge Cote:

Herrick, Feinstein LLP ("Herrick") represents non-parties IIG Structured Trade Finance Fund, Ltd. ("STFF") and IIG Global Trade Finance Fund Ltd. ("GTFF"), both of which are investment funds organized in the Cayman Islands, in the case referenced above.[1]

We write today to respectfully request that this Court retain jurisdiction over this case for ancillary matters that are related to the judgment that was recently entered with respect to defendant International Investment Group LLC ("IIG").

As we wrote in our letter dated January 24, 2020 [ECF #62], IIG's business consisted of making trade finance loans, which are loans made to small-to-medium-sized businesses, usually commodities exporters located in emerging markets, such as Latin America.[2] IIG's business model was to establish various funds, which included the Private Funds (as such term is defined in the Complaint), and the Retail Fund (as such term is defined in the Complaint) and to use the money provided by investors in such funds to make trade finance loans. As alleged in the Complaint, STFF and GTFF are both Private Funds. GiroBank N.V. ("GiroBank"), a bank based in Curacao, was an earlier investor in trade finance loans originated by IIG, as is the Venezuela Recovery Fund ("VRF").

---

[1] Both GTFF and STFF are funds in liquidation in the Cayman Islands, pursuant to winding up orders dated October 23, 2019 and January 31, 2020 entered by the Grand Court of the Cayman Islands Alex Lawson and Christopher Kennedy of the firm of Alvarez and Marsal Cayman Islands Limited have been appointed as Joint Official Liquidators (the "JOLs") of both funds.

[2] See Complaint filed by the Securities & Exchange Commission [ECF #1] (the "Complaint").





When a borrower of trade loans from IIG makes a payment, the funds are paid into a collection account at Bank Leumi in New York maintained by IIG. Based on the records produced by IIG to Herrick, IIG appears to have maintained a separate collection account at Bank Leumi for each borrower.

As the motion filed by Bank Leumi [ECF #73] and the responses thereto demonstrated, there are disputes among various parties who have asserted claims to IIG's assets. There are also other disputes that have not yet ripened, but which are also present. By way of illustration:

- The United States Attorney for the Southern District of New York is in possession of a $6 million check drawn on an account maintained by STFF, and payable to VRF. There may be a dispute as to ownership of those funds.
- There is approximately $23 million in an escrow account in the name of Chaffetz Lindsey LLP, which acted as counsel to IIG in connection with the resolution of disputes between IIG and a group of related Argentinian borrowers. There are disputes with respect to the allocation of such funds.
- There are other funds on deposit approximately in the collection accounts maintained by Trade Finance Trust ("TFT") for IIG borrowers. GTFF and STFF believe they are entitled to a material portion of the funds in such accounts, but Bank Leumi has asserted that it has the rights of a secured creditor with respect to a portion of the funds in such accounts.

While the resolution of the claims asserted in the Complaint is an important step in dealing with the consequences of IIG's fraud, it does not address the additional questions outlined above. Furthermore, because IIG has essentially shuttered its business, the parties have no practical way to resolve their competing requests with IIG.

GTFF and STFF believe that the Court is an appropriate forum for the resolution of these matters. Through the existing matters that have come before the Court in this case, many of the parties identified in this letter have already filed notices of appearance and have a general familiarity with the issues. More importantly, the Court has become knowledgeable with the background of the case and some of the issues outlined above. We believe that this Court has broad latitude to fashion remedies in cases involving violations of the federal securities laws, and that such authority clearly encompasses the type of retention of jurisdiction being requested in this letter. See, e.g. *SEC v. Byers*, 609 F.3d 87 (2d Cir. 2010).

Prior to writing this letter, the undersigned counsel conferred with counsel for Bank Leumi, GiroBank N.V., TriLinc Global Impact Fund, LLC, and the SEC. Counsel for the all of the parties other than the SEC have advised us that it supports this Court retaining jurisdiction on the terms outlined in this letter. Bank Leumi wishes to note that it does not agree with all of the positions adopted by GTFF and STFF in this letter, but nevertheless supports the Court's





retention of jurisdiction, with all rights reserved. The SEC has further advised us that it has no objection to the proposed retention of jurisdiction.

Respectfully submitted,

/s/Stephen B. Selbst

cc: All counsel of record via ECF