

**Stephen B. Selbst**
**Partner**
Phone: 212.592.1405
Fax: 212.545.2313
sselbst@herrick.com

April 16, 2020

VIA ECF

Honorable Denise L. Cote
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: Securities and Exchange Commission v. International Investment Group LLC-- 19-cv-10796 (DLC) (S.D.N.Y)

Dear Judge Cote:

Herrick, Feinstein LLP ("Herrick") represents IIG Structured Trade Finance Fund, Ltd. ("STFF") and IIG Global Trade Finance Fund Ltd. ("GTFF"), which are investment funds organized in the Cayman Islands, in the case referenced above.[1] We are writing to you to request an order directing defendant International Investment Group LLC and Bank Leumi to make disbursements of funds held in eleven (11) collection accounts maintained by Bank Leumi (collectively, the "Collection Accounts") in New York by Trade Finance Trust, a Delaware statutory trust that is a subsidiary of IIG ("TFT"), to GTFF and STFF.

These funds are being held in the Collection Accounts in connection with loan facilities previously extended by IIG. In some cases, GTFF and STFF are the only parties that funded those loans, in which event we are requesting that all of the funds in that Collection Account be disbursed to GFTT and STFF. In other cases, there are other participants in the loan facilities related to a specific Collection Account, in which event we are requesting that GTFF and STFF receive their proportionate share of such funds. We believe that the release of such funds will benefit GTFF and STFF, two victims of the fraud perpetrated by IIG.

[1] Both GTFF and STFF are funds in liquidation in the Cayman Islands, pursuant to winding up orders dated October 23, 2019 and January 31, 2020 entered by the Grand Court of the Cayman Islands Alex Lawson and Christopher Kennedy of the firm of Alvarez and Marsal Cayman Islands Limited have been appointed as Joint Official Liquidators (the "JOLs") of both funds. Copies of the orders appointing the JOLs in such cases are Annexed as Exhibit A and Exhibit B to the declaration of Stephen Selbst (the "Selbst Dec."), which has been filed contemporaneously with this letter.





**Background**

In prior letters to this Court we have described how IIG's primary business was conducted to make trade finance loans. We explained how IIG typically used a subsidiary entity as the lender to its borrowers, and that it funded the loans made to borrowers through funds provided by investors, such as STFF and GTFF, and that such loans were structured as participation interests in the loans. Finally, we described how borrowers made repayments with respect to those loans to collection accounts maintained by IIG at Bank Leumi in New York, and how IIG accounted to the participants in such loans.

In the following section of the letter we summarize the principal terms of eleven (11) credit facilities between borrowers and IIG-related entities as lenders. We identify the existing credit arrangements, the applicable maturity dates of such facilities, the interests of STFF, GTFF, and where applicable, other parties, and we advise the Court of the funds currently being held in the applicable Collection Account for each borrower, and STFF's and GTFF's requests for disbursements of such funds.

**Credit Facilities**

**1. Compania De Granos International S.A.** There are two lending facilities between IIG TOF B.V., as lender ("IIG TOF"), and Compania De Granos International S.A., as borrower ("Compania"), one dated July 18, 2014, and one dated July 25, 2014, each as amended from time to time thereafter (as so amended and collectively, the "Compania Agreements"), copies of which are annexed as Exhibit C to the Selbst Dec. Under the January 2018 addendum to the Compania Agreements, the stated maturity of loans (the "Compania Loans") under the Compania Agreements was extended to June 30, 2018, meaning that the borrower no longer has the right to request new or additional Compania Loans.

According to IIG's records, the aggregate principal amount outstanding under the Compania Loans as of October 17.2019 was 33,500,000. According to IIG's records, the Compania Loans are beneficially owned as follows:

| GTFF | STFF | TriLinc Global Impact Fund LLC ("TriLinc") | IIG Malta Bank Ltd. ("Malta Bank") |
|---|---|---|---|
| 17% | 34% | 37% | 12% |





The respective ownership interests of GTFF, STFF, TriLinc and Malta Bank with respect to the Compania Loans are evidenced by participation certificates issued by IIG, copies of which are annexed hereto as Exhibit D to the Selbst Dec.

As of February 29, 2020, there was $208 held in Bank Leumi account XXXXXX9000, which is the Collection Account for the Compania Loans. A copy of the February 2020 account statement is annexed as Exhibit E to the Selbst Dec. In accordance with the ownership percentages set forth above, GTFF and STFF are requesting that Bank Leumi be authorized and directed to disburse $34 to GTFF and $71 to STFF from such account.

**2.** **Conductores y Cables del Peru SAC**. This is a lending facility among IIG Capital LLC ("IIG Capital"), as lender, and Conductores y Cables del Peru SAC and Cables y Conductores Nacionales, S.A.C., as borrowers (collectively, "CCP"), dated September 30, 2013, as amended from time to time (as so amended, the "CCP Agreement"), copies of which are annexed as Exhibits F to the Selbst Dec. The stated maturity of loans (the "CCP Loans") extended under the CCP Agreement was March 31, 2018, meaning that the borrower no longer has the right to request new or additional CCP Loans. According to IIG's records, the aggregate principal amount outstanding under the CCP Loans as of October 17, 2019 was $12,000,000.

According to IIG's records, the CCP Loans are owned beneficially forty-seven percent (47%) by GTFF and fifty-three percent (53%) by STFF, and are evidenced by participation certificates issued by IIG to GTFF and STFF, copies of which are annexed as Exhibit G to the Selbst Dec.

As of February 29, 2020 there was $16 held in Bank Leumi account XXXXX0501, which is the Collection Account for the CCP Loans. A copy of the February 2020 account statement is annexed as Exhibit H to the Selbst Dec. In accordance with the ownership percentages set forth above, GTFF and STFF are requesting that Bank Leumi be authorized and directed to disburse $8 to GTFF and $8 to STFF from such account.

**3.** **Consorcio Ceper Internacional**. This is a lending facility between TFT, as lender, and Consorcio Ceper Internacional, as borrower ("Consorcio"), dated December 20, 2017 (the "Consorcio Agreement"), a copy of which is annexed as Exhibit I to the Selbst Dec. The stated maturity of loans (the "Consorcio Loans") extended under the Consorcio Agreement was December 20, 2018, meaning that the borrower no longer has the right to request new or additional Consorcio Loans. According to IIG's records, the aggregate principal amount outstanding under the Consorcio Loans as of October 17,2019 was $1,296,648.





According to IIG's records, the Consorcio Loans are owned beneficially forty percent (40%) by GTFF and sixty percent (60%) by STFF, and are evidenced by participation certificates issued by IIG to GTFF and STFF, copies of which are annexed as Exhibit J to the Selbst Dec.

As of February 29, 2020 there was $99 held in Bank Leumi account XXXXXX5500, which is the Collection Account for the Consorcio Loans. A copy of the February 2020 account statement is annexed as Exhibit K to the Selbst Dec. In accordance with the ownership percentages set forth above, GTFF and STFF are requesting that Bank Leumi be authorized and directed to disburse $40 to GTFF and $59 to STFF from such account.

**4.** **Citricola Saltena SA**. This is a lending facility among TFT and IIG Capital, as lenders, and Citricola Saltena S.A., as borrower ("Citricola"), dated February 12, 2018 (the "Citricola Agreement"), a copy of which is annexed as Exhibit L to the Selbst Dec. The stated maturity of loans (the "Citricola Loans") extended under the Citricola Agreement was February 12, 2019, meaning that the borrower no longer has the right to request new or additional Citricola Loans. According to IIG's records, the aggregate principal amount outstanding under the Citricola Loans as of October 17, 2019 was $853,304.

According to IIG's records, the Citricola Loans are owned beneficially forty-six percent (46%) by GTFF and fifty-four percent (54%) by STFF, and are evidenced by participation certificates issued by IIG to GTFF and STFF, copies of which are annexed as Exhibit M to the Selbst Dec.

As of February 29, 2020 there was $284,327 held in Bank Leumi account XXXXXX3500, which is the Collection Account for the Citricola Loans. A copy of the February 2020 account statement is annexed as Exhibit N to the Selbst Dec. In accordance with the ownership percentages set forth above, GTFF and STFF are requesting that Bank Leumi be authorized and directed to disburse $129,637 to GTFF and $154,691 to STFF from such account.

**5.** **Imperio S.A.** This is a lending facility between TFT, as lender, and Imperio S.A., as borrower ("Imperio"), dated January 29, 2018 (the "Imperio Agreement"), a copy of which is annexed as Exhibit O to the Selbst Dec. The stated maturity of loans (the "Imperio Loans") extended under the Imperio Agreement was April 30,2019, meaning that the borrower no longer has the right to request new or additional Imperio Loans. According to IIG's records, the aggregate principal amount outstanding under the Imperio Loans as of October 17, 2091 was $650,000.

According to IIG's records, the Imperio Loans are owned beneficially forty-nine percent (49%) by GTFF and fifty-one percent (51%) by STFF, and are evidenced by participation





certificates issued by IIG to GTFF and STFF, copies of which are annexed as Exhibit P to the Selbst Dec.

As of February 29, 2020 there was $75 held in Bank Leumi account XXXXXX1501, which is the Collection Account for the Imperio Loans. A copy of the February 2020 account statement is annexed as Exhibit Q to the Selbst Dec. In accordance with the ownership percentages set forth above, GTFF and STFF are requesting that Bank Leumi be authorized and directed to disburse $37 to GTFF and $38 to STFF from such account.

**6.** **Ivorfield Trading Corp**. This is a lending facility between IIG Capital, as lender, and Ivorfield Trading Corp., as borrower ("Ivorfield"), dated July 17, 2009, as amended from time to time thereafter (as so amended, the "Ivorfield Agreement"), a copy of which is annexed as Exhibit R to the Selbst Dec. The stated maturity of loans (the "Ivorfield Loans") is uncertain because the most recent addendum does not appear to specify a maturity date. According to IIG's records, the aggregate principal amount outstanding under the Ivorfield Loans as of October 17, 2019 was $5,999,055.

According to IIG's records, the Ivorfield Loans are owned beneficially thirty-four percent (34%) by GTFF and sixty-six percent (66%) by STFF, and are evidenced by participation certificates issued by IIG to GTFF and STFF, copies of which are annexed as Exhibit S to the Selbst Dec.

As of February 29, 2020 there was $212,991 held in Bank Leumi account XXXXXX9100, which is the Collection Account for the Ivorfield Loans. A copy of the February 2020 account statement is annexed as Exhibit T to the Selbst Dec. In accordance with the ownership percentages set forth above, GTFF and STFF are requesting that Bank Leumi be authorized and directed to disburse $71,379 to GTFF and $141,613 to STFF from such account.

**7.** **Proexpo S.A**. This is a lending facility between TFT, as lender, and Proexpo Trading Corp., as borrower ("Proexpo"), dated January 31, 2018 (the "Proexpo Agreement"), a copy of which is annexed as Exhibit U to the Selbst Dec. The stated maturity of loans (the "Proexpo Loans") extended under the Proexpo Agreement was 450 days thereafter, which was April 26, 2019, meaning that the borrower no longer has the right to request new or additional Proexpo Loans. According to IIG's records, the aggregate principal amount outstanding under the Proexpo Loans as of October 17, 2019 was $4,999,033.

According to IIG's records, the Proexpo Loans are owned beneficially twenty-three percent (23%) by GTFF and seventy-seven percent (77%) by STFF, and are evidenced by participation certificates issued by IIG to GTFF and STFF, copies of which are annexed as Exhibit V to the Selbst Dec.





As of February 29, 2020 there was $521,111 held in Bank Leumi account XXXXXX1900, which is the Collection Account for the Proexpo Loans. A copy of the February 2020 account statement is annexed as Exhibit W to the Selbst Dec. In accordance with the ownership percentages set forth above, GTFF and STFF are requesting that Bank Leumi be authorized and directed to disburse $120,089 to GTFF and $401,021 to STFF from such account.

**8. Prosesamo Holding Ltd.** This is a lending facility between TFT, as lender, and Prosesamo Holding Ltd., as borrower ("Prosesamo"), dated July 13, 2018 (the "Prosesamo Agreement"), a copy of which is annexed as Exhibit X to the Selbst Dec. The stated maturity of loans (the "Prosesamo Loans") extended under the Prosesamo Agreement is July 13, 2021; however, by the terms of the Prosesamo Agreement, the borrower no longer has the right to request new or additional Prosesamo Loans. According to IIG's records, the aggregate principal amount outstanding under the Proexpo Loans as of October 17,2019 was $1,400,000.

According to IIG's records, the Prosesamo Loans are owned beneficially thirty-six percent (36%) by GTFF and sixty-four percent (64%) by STFF, and are evidenced by participation certificates issued by IIG to GTFF and STFF, copies of which are annexed as Exhibit Y to the Selbst Dec.

As of February 29, 2020 there was $1,542 held in Bank Leumi account XXXXXX8800, which is the Collection Account for the Prosesamo Loans. A copy of the February 2020 account statement is annexed as Exhibit Z to the Selbst Dec. In accordance with the ownership percentages set forth above, GTFF and STFF are requesting that Bank Leumi be authorized and directed to disburse $562 to GTFF and $980 to STFF from such account.

**9. Representaciones Saldana S.A.** This is a lending facility between IIG TOF, as lender, and Representaciones Saldana S.A., as borrower ("Saldana") dated June 19, 2014, as amended from time to time thereafter (as so amended, the "Saldana Agreement"), a copy of which is annexed as Exhibit AA to the Selbst Dec. The stated maturity of loans (the "Saldana Loans") extended under the Saldana Agreement June 19, 2018, meaning that the borrower no longer has the right to request new or additional Saldana Loans. According to IIG's records, the aggregate principal amount outstanding under the Saldana Loans as of October 17, 2019 was $1,277,334.

According to IIG's records, the Saldana Loans are owned beneficially forty-two percent (42%) by GTFF, fifty-five percent (55%) by STFF, and three percent (3%) by TriLinc and are evidenced by and are evidenced by participation certificates issued by IIG to GTFF, STFF and TriLinc, copies of which are annexed as Exhibit BB to the Selbst Dec.





As of February 29, 2020 there was $398 held in Bank Leumi account XXXXXX97000, which is the Collection Account for the Saldana Loans. A copy of the February 2020 account statement is annexed as Exhibit CC to the Selbst Dec. In accordance with the ownership percentages set forth above, GTFF and STFF are requesting that Bank Leumi be authorized and directed to disburse $169 to GTFF and $219 to STFF from such account.

**10.** **Valle Energy Inc.** This is a lending facility between IIG Capital, as lender, and Valle Energy Inc. and Lakeview Green Corp., as borrowers (collectively, "Valle") dated March 10, 2014, as amended from time to time thereafter (as so amended, the "Valle Agreement"), a copy of which is annexed as Exhibit DD to the Selbst Dec. The stated maturity of loans (the "Valle Loans") extended under the Valle Agreement was June 30, 2017, meaning that the borrower no longer has the right to request new or additional Valle Loans. According to IIG's records, the aggregate principal amount outstanding under the Valle Loans as of October 17, 2019 was $15,450,000.

According to IIG's records, the Valle Loans are owned beneficially twenty-one percent (21%) by GTFF and seventy-nine percent (79%) by STFF, and are evidenced by participation certificates issued by IIG to GTFF and STFF, copies of which are annexed as Exhibit EE to the Selbst Dec.

As of February 29, 2020 there was $604,829 held in Bank Leumi account XXXXXX3901, which is the Collection Account for the Valle Loans. A copy of the February 2020 account statement is annexed as Exhibit FF to the Selbst Dec. GTFF is requesting that Bank Leumi be authorized and directed to disburse $129,845 to GTFF and $475,345 to STFF from such account.

**11.** **Sancor Corp**. This is a lending facility between IIG TOF B.V., as lender, and Sancor Cooperativas Unidas Ltda., as borrower ("Sancor"), dated December 21, 2009, as amended from time to time thereafter (as so amended, the "Sancor Agreement"), a copy of which is annexed as Exhibit GG to the Selbst Dec. The stated maturity of loans (the "Sancor Loans") extended under the Sancor Agreement was July 29, 2019, meaning that the borrower no longer has the right to request new or additional Sancor Loans. According to IIG's records, the aggregate principal amount outstanding under the Sancor Loans as of October 17, 2019 was $26,780,726.

According to IIG's records, the Sancor Loans are owned beneficially seventy percent (70%) by STFF, twenty-two percent (22%) by TriLinc, and seven percent (7%) by Malta Bank and are evidenced by participation certificates issued by IIG to STFF, TriLinc and Malta Bank, copies of which are annexed as Exhibit HH to the Selbst Dec.





As of February 29, 2020 there was $2,824,134 held in Bank Leumi account XXXXXX8802, which is the Collection Account for the Sancor Loans. A copy of the February 2020 account statement is annexed as Exhibit II to the Selbst Dec. STFF is requesting that Bank Leumi be authorized and directed to disburse $1,988,166 to STFF from such account.

**Legal Analysis**

In the Court's Order dated April 3, 2020, the Court noted that all parties shall have the opportunity to be heard on the issue of whether the Court has ancillary jurisdiction over supplemental relief of the type requested in this letter, and the merits of any particular dispute. We have already set forth the factual basis for our request for relief. Following is our analysis of why we believe that this Court may properly exercise ancillary jurisdiction over this request. .

Under the doctrine of ancillary jurisdiction, a federal court may exercise jurisdiction over a state claim that shares a "common nucleus of operative facts" with the main federal claim and where doing so would promote "judicial economy, convenience, and fairness to litigants." *See Stamford Bd. of Educ. v. Stamford Educ. Ass'n*, 697 F.2d 70, 72 (2d Cir. 1982); *York Research Corp. v. Landgarten*, No. 89 Civ. 5556 (PNL), 1992 WL 373268, at *2 (S.D.N.Y. Dec. 3, 1992) (retaining ancillary jurisdiction where failing to do so would "substantially impair [movant's] ability to pursue his legal claims, cause inconvenience, duplication, and expense to all the parties, and risk inconsistent results"). Generally, ancillary jurisdiction has been properly asserted "(1) to permit disposition by a single court of claims that are . . . factually interdependent; and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Li v. Certain Underwriters at Lloyd's, London*, 183 F. Supp. 3d 348, 354 (E.D.N.Y. 2016) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 379-80 (1994)). Even where the main federal claim has been dismissed or otherwise disposed of, a court may retain jurisdiction over remaining ancillary claims. *See Kaplan v. Reed Smith LLP*, 919 F.3d 154, 157-58 (2d Cir. 2019) (retaining jurisdiction over motion for stay following settlement of securities fraud class action claim); *see also York Research Corp.*, 1992 WL 373268, at *3 ("jurisdiction over ancillary and pendant state claims may be retained after the main claims have been dismissed or settled" (collecting cases)).

The instant request for relief is clearly ancillary to the claims set forth in the complaint (ECF #1) ("Complaint"), and this Court should retain jurisdiction over the claims at issue herein. First, GTFF and STFF are both victims of IIG's fraudulent conduct and their claims to the funds held in the Collection Account arise directly from IIG's fraudulent conduct as alleged in the Complaint. Additionally, because this Court is already familiar with the facts underlying this petition, retention of jurisdiction would avoid duplication of efforts and expense of the parties and would eliminate risk of inconsistent results among the parties, thus furthering the interests of judicial economy, convenience, and fairness to the litigants. Furthermore, retention of ancillary jurisdiction here would allow this Court to manage its proceedings and effectuate its decrees.





Thus, the Court's retention of ancillary jurisdiction over this petition is appropriate and necessary to the efficient and fair resolution of GTFF and STFF's claims over the funds held in the Collection Account.

For the reasons set forth herein, STFF and GTFF respectfully submit that the release of the funds held in the Collection Accounts be approved on the terms set forth in this letter, and that Bank Leumi be authorized and directed to make the disbursements listed in this letter to the bank accounts at EFG Bank Cayman Islands to be identified to Bank Leumi be separate letter from the JOLs to Bank Leumi.

Respectfully submitted,