# EXHIBIT A

# **EXHIBIT A**

**IN THE GRAND COURT OF THE CAYMAN ISLANDS**
**FINANCIAL SERVICES DIVISION**

**FSD CAUSE NO: 160 OF 2019 (RPJ)**

**The Honourable Mr Justice Parker**
**In Open Court**
**23 October 2019**



**IN THE MATTER OF THE COMPANIES LAW (2018 REVISION)**

**AND IN THE MATTER OF IIG GLOBAL TRADE FINANCE FUND LIMITED**

<u>**WINDING UP ORDER**</u>

**UPON** the application of Non-UCITS Fund Aktia Trade Finance (the "**Petitioner**") upon its petition dated 22 August 2019 (the "**Petition**") for an order that IIG Global Trade Finance Fund Limited (the "**Company**") be wound up

**AND UPON** hearing counsel for the Petitioner

**AND UPON** reading the First Affidavit of Ville Toivakainen sworn 21 August 2019; the First Affidavit of Christopher Kennedy sworn 21 August 2019; the First Affidavit of Alexander Lawson sworn 21 August 2019; the First Affidavit of Timmy Myles sworn 3 September 2019; and the First Affidavit of Daisy Boulter sworn 16 October 2019, and in each case the exhibits thereto

**IT IS ORDERED THAT:**

1.      The Company be wound up pursuant to the Companies Law (2018 Revision) (the "**Companies Law**").

2.      Alexander Lawson and Christopher Kennedy of Alvarez & Marsal Cayman Islands Limited, Flagship Building, PO Box 2507, 70 Harbour Drive, George Town, Grand Cayman KY1-1104, Cayman Islands be appointed as joint official liquidators of the Company (the "**JOLs**").

3.      The JOLs shall not be required to give security for their appointment.

4.      The JOLs have the power to act jointly and severally in their capacities as liquidators of the Company.

5.    The JOLs be authorised to take any such action as may be necessary or desirable to obtain recognition of the JOLs and / or their appointment and / or their powers in any other relevant jurisdiction and to make applications to the courts of such jurisdictions for that purpose.

6.    In addition to the powers set out in Part II of the Third Schedule to the Companies Law, the JOLs be authorised to exercise all of the powers set out in paragraphs 1, 2, 4, 7, 8, 10 and 11 of Part 1 of the Third Schedule to the Companies Law and section 110(2) thereof without further sanction or intervention of the Court.

7.    The JOLs be authorised to take all such actions as may be necessary to:

(a)    exercise the rights to which a registered holder of any shares or other securities registered in the name of the Company, or to which an owner of any shares or securities held by or on behalf of the Company (whether as principal or as agent), is entitled including, but without prejudice to the generality of the foregoing power, the right to receive dividends and the benefits of other corporate actions in relation to such shares or other securities; the right to attend meetings and to exercise any voting power pertaining to such shares or other securities and to direct nominees of the Company in whose names shares or other securities beneficially owned by the Company are registered to exercise all or any such rights as the JOLs shall direct;

(b)    take control of such of the direct and/or indirect subsidiaries ("**Subsidiaries**") of the Company, and/or joint ventures, investment, associated companies, business or other entities (together, the "**Associated Companies**") in which the Company holds an interest (or such shares of such Subsidiaries and/or Associated Companies as are owned directly or indirectly by the Company), in each case wherever located (together, the "**Group**"), as the JOLs shall think fit; and/or to call or cause to be called such meetings of such Subsidiaries and/or Associated Companies and/or to sign such resolutions (in accordance with the provisions of any relevant constitutional or related documentation of such companies) and take such other steps, including applications to appropriate courts and/or regulators, as the JOLs shall consider necessary to appoint or remove directors, legal representatives, officers, and/or managers to or from such Subsidiaries and/or

Associated Companies, and in each case take such steps as are necessary to cause the registered agents (or other equivalent corporate administrators) of such Subsidiaries and/or Associated Companies to give effect to the changes to the boards of directors, legal representatives, officers, and/or managers of such companies or entities, including (without limitation) effecting changes to the company registers of such Subsidiaries or Associated Companies as may be deemed appropriate by the JOLs; and/or to take such other action in relation to all such Subsidiaries or Associated Companies as the JOLs shall think fit for the purpose of protecting the assets of the Company and managing the affairs of the Company (which, for the avoidance of doubt, shall include the assets and affairs of the Subsidiaries and Associated Companies);

(c)     open and operate bank accounts in the name of the Company or in their own name on behalf of the Company in the Cayman Islands or elsewhere; and

(d)     communicate on the Company's behalf with the regulators as appropriate.

8.     No disposition of the Company's property by or with the authority of the JOLs in carrying out their duties and functions and exercise of their powers under this Order shall be voided by virtue of section 99 of the Companies Law.

9.     Subject to section 109(2) of the Companies Law and the Insolvency Practitioners Regulations 2018, the JOLs be authorised to render and pay invoices out of the assets of the Company for their own remuneration.

10.    The JOLs be at liberty to meet all disbursements reasonably incurred in connection with the performance of their duties and, for the avoidance of doubt, all such payments shall be made as an when they fall due out of the assets of the Company as an expense of the liquidation.

11.    No suit, action or other proceeding shall be proceeded with or commenced against the Company except with the leave of the Court pursuant to section 97 of the Companies Law and subject to such terms as the Court may impose.

12.    The Petitioner's costs of and occasioned by the Petition shall be paid forthwith out of the assets of the Company on an indemnity basis as an expense of the liquidation, such costs to be taxed if not agreed with the JOLs.

13.     The JOLs be at liberty to apply generally.


**DATED** this 23rd day of October 2019

**FILED** this 23rd day of October 2019


_____
          The Honourable Justice Parker
          **JUDGE OF THE GRAND COURT**

This Order was filed by Walkers of 190 Elgin Avenue, George Town, Grand Cayman KY1-9001, Cayman Islands, Attorneys at Law for and on behalf of the Petitioner whose address for service is that of its said Attorneys.

21754933.2 A5996.158134