# EXHIBIT B

# **EXHIBIT B**

**IN THE GRAND COURT OF THE CAYMAN ISLANDS**
**FINANCIAL SERVICES DIVISION**

**CAUSE NO FSD 240 OF 2019 (NJS)**

The Honourable Mr Justice Segal
In Open Court
13 January 2020

IN THE MATTER OF THE COMPANIES LAW (2018 REVISION)

AND IN THE MATTER OF IIG STRUCTURED TRADE FINANCE FUND LTD



**WINDING UP ORDER**

**UPON** hearing counsel for LAM Global Management Ltd I in its capacity as General Partner of LAM Enhanced Trade Finance Fund I L.P. (the "**Petitioners**") upon its petition presented on 4 December 2019 (the **"Petition"**) for an order that IIG Structured Trade Finance Fund Ltd. (the "**Company**") be wound up.

**AND UPON** reading the Affidavit of Wonjoo Yoon sworn 29 November 2019; the First Affidavit of Alexander William Lawson sworn 26 November 2019, the First Affidavit of Christopher Barnett Kennedy sworn 26 November 2019, the First and Second Affidavits of Nicole Marie Farrington sworn 6 December 2019 and 7 January 2020 respectively and the Affidavits of Wonjoo Yoon sworn 25 October 2019, Arthur Jakoby sworn 22 October 2019 and Oliver St. Thomas Smith sworn 4 November 2019 in proceedings titled FSD 216 of 2019 and the exhibits thereto.

**AND UPON** the Court having received and read the letter dated 15 January 2020 from Kobre & Kim (Cayman) to the Honorable Denise L. Cote judge of the United States District Court in proceedings titled SEC v. International Investment Group, LLC with case number 19-cv-10796 (DLC) (the "**U.S. Proceedings**") endorsed by the Honorable Denise L. Cote on 16 January 2020 granting the relief sought therein namely that Part VII of the Judgement and Preliminary Asset Freeze Order as to the defendant International Investment Group LLC dated 26 November 2019 made in the U.S.

Proceedings (the "**Asset Freeze Order**") be varied to provide that these proceedings be excluded from the prohibitions contained in Part VII of the Asset Freeze Order.

**IT IS ORDERED THAT:**

1. The Company be wound up in accordance with the Companies Law.

2. Alexander William Lawson and Christopher Barnett Kennedy of Alvarez & Marsal Cayman Islands Limited, Flagship Building, PO Box 2507, 70 Harbour Drive, George Town, Grand Cayman KY1-1104, Cayman Islands be appointed as joint official liquidators of the Company (the "**JOLs**").

3. The JOLs shall not be required to give security for their appointment.

4. The JOLs have the power to act jointly and severally in their capacities as liquidators of the Company.

5. The JOLs be authorised to take any such action as may be necessary or desirable to obtain recognition of the JOLs and/or their appointment and/or their powers in any other relevant jurisdiction including (but not limited to) the United States of America and to make applications to the courts of such jurisdictions for that purpose.

6. In addition to the powers set out in Part II of the Third Schedule to the Companies Law, the JOLs be authorised to exercise all of the powers set out in paragraphs 1, 2, 4, 7, 10 and 11 of Part I of the Third Schedule to the Companies Law and section 110(2) thereof without further sanction or intervention of the Court.

7. The JOLs be authorised to do any act or thing considered by them to be necessary or desirable in connection with the liquidation of the Company and the winding up of its affairs in the Cayman Islands and/or elsewhere.

8. The JOLs be at liberty to appoint such counsel, attorneys, professional advisors, whether in the Cayman Islands or elsewhere, as they may consider necessary to advise and assist them in the performance of their duties in accordance with Order 25 of the Companies Winding Up Rules (as amended).

9. No disposition of the Company's property by or with the authority of the JOLs in carrying out their duties and functions and exercise of their powers under this Order shall be voided by virtue of section 99 of the Companies Law.

10. Subject to section 109(2) of the Companies Law and the Insolvency Practitioners Regulations 2008 (as amended), the JOLs be authorised to render and pay invoices out of the assets of the Company for their own remuneration.

11. The JOLs be at liberty to meet all disbursements reasonably incurred in connection with the performance of their duties and, for the avoidance of doubt, all such payments shall be made as an when they fall due out of the assets of the Company as an expense of the liquidation.

12. The Petitioner's costs of and occasioned by the Petition shall be paid forthwith out of the assets of the Company on an indemnity basis as an expense of the liquidation, such costs to be taxed if not agreed with the JOLs.

13. The JOLs be at liberty to apply generally.

DATED this 31 day of January 2020

FILED this 03 day of ~~January~~ Feb v.p. 2020

The Honourable Justice Segal
JUDGE OF THE GRAND COURT