# EXHIBIT L

## CESIÓN Y RENOVACIÓN DE CONTRATO DE LÍNEA DE CRÉDITO PARA LA PREFINANCIACIÓN DE EXPLOTACIONES

En Montevideo, el 12 de febrero del año 2018, entre:

**POR UNA PARTE:**   **TRADE FINANCE TRUST**, una compañía incorporada bajo las leyes del Estado de Delaware, de los Estados Unidos de América, domiciliada en 1011 Centre Road, Suite 200 Wilmington, Delaware 19805,  representada por Carlos R. Cano, en su carácter de apoderado, domiciliada en1500 Broadway, Piso 17, Nueva York, Nueva York 5036, Estados Unidos,  (en adelante, "TFT" o "Cesionario"),

**POR OTRA PARTE:**   **IIG CAPITAL LLC**, una compañía organizada bajo las leyes de Nueva York, Estados Unidos, representada por Carlos R. Cano, en su carácter de apoderado, domiciliada en 1500 Broadway, Piso 17, Nueva York, Nueva York 5036, Estados Unidos, (en adelante, "IIG" o "Cedente"), y;

**POR OTRA PARTE:**   (I) **CITRÍCOLA SALTEÑA S.A.**, una sociedad anónima constituida de conformidad con las leyes de la República Oriental del Uruguay, representada en este acto por el Sr. Eduardo Caputto Frescuelo, en su carácter de Presidente del Directorio, domiciliada a estos efectos en Esteban Elena 6527, Montevideo, República Oriental del Uruguay (en adelante, "Citrícola") (II) **NOLIR S.A.**, una sociedad anónima  constituida de conformidad con las leyes de la República Oriental del Uruguay, representada en este acto por el Sr. Eduardo Caputto Frescuelo, en su carácter de Presidente del Directorio, domiciliada a estos efectos en Esteban Elena 6527, Montevideo, República Oriental del Uruguay (en adelante, "Nolir" y junto con Citrícola los "Cedidos" y conjuntamente con el Cesionario y el Cedente las "Partes")

convienen la celebración del presente Contrato de Cesión y Renovación de Contrato de Línea de Crédito para la Prefinanciación de Explotaciones (en adelante, el "Contrato").

## PRIMERO. ANTECEDENTES.

1.1 Con fecha 12 de febrero de 2015, el Cedente y los Cedidos, celebraron un contrato de línea de crédito a favor de Citrícola, para la prefinanciación de exportaciones de concentrados cítricos, mediante una línea de crédito "revolvente" por hasta la suma de US$ 2.500.000,00 (dólares estadounidenses dos millones quinientos mil) (en adelante, el "Contrato de Préstamo"), del cual Nolir es codeudor.

1.2 Los desembolsos a efectuarse en función del Contrato de Préstamo son documentados en vales y garantizados mediante warrants, certificados de depósito y/o cesión(es) de créditos entre otros, asumiendo Nolir S.A. el carácter de co-deudor solidario e indivisible de las obligaciones emergentes del Contrato de Préstamo.

1.3 Los Sres. Eduardo J. Caputto Frescuelo, Leonel Caputto Frescuelo, Silvia Rodríguez Fernández, Mario Caputto Gallo, por sí, Citrícola Salteña Europa S.A., y Trizip S.A., (en adelante, conjuntamente, los "Fiadores" y Citrícola Salteña Europa S.A., y Trizip S.A., también las "Avalistas"), se constituyeron como fiadores solidarios e indivisibles, en garantía del fiel cumplimiento y pago puntual de todas y cada una de las obligaciones asumidas por Citrícola y/o Nolir derivadas del Contrato de Préstamo, vales y demás documentos de la operación.

1.4 Es interés del Cedente ceder al Cesionario la totalidad de los derechos y obligaciones emergentes del Contrato de Préstamo, considerando que el Cesionario se encuentra en condiciones de cumplir cabal y fielmente con las obligaciones emergentes del mismo.

1.5 Se deja de manifiesto que el Cesionario es una sociedad afiliada del Cedente, es decir es una sociedad controlada/ del Cedente.

1.6 Es intención del Cesionario adquirir la totalidad de los derechos y obligaciones que surgen del Contrato de Préstamo.

1.7 Asimismo los Cedidos, compareciendo al presente Contrato manifiestan su conocimiento de la cesión, no siendo requerida su autorización en función que la cesión se realiza en su totalidad a favor de una sociedad afiliada del Cedente.

1.8 En virtud de lo antedicho, las Partes convienen en celebrar el presente contrato de cesión del Contrato de Préstamo, de acuerdo con los términos y condiciones que se acuerdan a continuación (en adelante, el "Contrato"). Se incluye el referido Contrato de Préstamo como Anexo I, el cual firmado por las Partes integra el presente.

**SEGUNDO. CESIÓN DEL CONTRATO.**

El Cedente cede en forma irrevocable a favor del Cesionario quien acepta, la totalidad de sus derechos, obligaciones y créditos emergentes del Contrato de Préstamo y todos sus documentos anexos o derivados del mismo, quedando por lo tanto el Cesionario en el mismo lugar, grado y prelación que el Cedente respecto al mismo.

El Cesionario por medio del presente adquiere los mismos beneficios y/o derechos, y/o acciones de que es titular el Cedente en virtud del Contrato.

**TERCERO. CONOCIMIENTO POR LOS CEDIDOS. NOTIFICACIÓN A FIADORES.**

Comparecen en el presente Contrato los Cedidos, reconociendo la presente cesión en los términos establecidos en este Contrato y firmando el presente Contrato como prueba de su conformidad.

La Cesionaria se obliga a notificar la presente cesión a los Fiadores y Avalistas mediante telegrama colacionado con acuse de recibo en el domicilio constituido de forma conjunta a los efectos del Contrato de Préstamo, en la calle Esteban Elena 6527, Montevideo, en un plazo no mayor a 3 (tres) días desde la suscripción del presente.

**CUARTO. FORMA DE PAGO.**

En virtud de la presente cesión, se establece como nueva Cuenta Colectora, en los términos del Contrato de Préstamo, a los efectos de recibir los pagos de los Cedidos y demás pagos derivados del Contrato de Préstamo, la siguiente:

Banco: Deutsche Bank
A nombre de: TFT FBO CITRICOLA SALTENA S.A.
Cuenta: 04-950-863
ABA #: 021-001-033
Código Swift: BKTRU33

Compareciendo los Cedidos al presente, los mismos reconocen de forma expresa la modificación de la cuenta colectora, debiendo a partir del día de la fecha realizar los pagos en, y reconocer a la cuenta mencionada precedentemente como Cuenta Colectora a todos sus efectos.

**QUINTO. RENOVACIÓN DEL CONTRATO DE PRÉSTAMO.**

Las Partes acuerdan mediante el presente establecer la renovación del Contrato de Préstamo, extendiendo por un plazo de 12 meses contados desde el día 12 de febrero de 2018, durante los cuales Citrícola podrá utilizar la línea de crédito, ello conforme se establece en el presente, en el Contrato de Préstamo y todos sus documentos derivados.

**SEXTO. PLAZO.**

La presente Cesión entrará en vigencia a partir del día de la fecha y se mantendrá vigente a lo largo de todo el Contrato de Préstamo, sin perjuicio de las causales de vencimiento anticipado establecidas en la cláusula undécimo del Contrato de Préstamo.

**SEPTIMO. JURISDICCIÓN Y LEY APLICABLE.**

8.1 Las Partes acuerdan que el presente Contrato se rige a todos sus efectos por las leyes de la República Oriental del Uruguay.

8.2 Asimismo, las Partes acuerdan someterse a la jurisdicción de los tribunales competentes de la ciudad de Montevideo, República Oriental del Uruguay, por cualquier conflicto que se suscite en cuanto a la interpretación, cumplimiento o ejecución del presente Contrato.

**OCTAVO. MORA.**

La Partes incurrirán en mora en el cumplimiento de las obligaciones pactadas, de pleno derecho, por el solo vencimiento de los plazos fijados o por todo aquello que directa o indirectamente se traduzca en hacer o no hacer algo contrario a lo pactado.

**NOVENO. DOMICILIOS ESPECIALES Y NOTIFICACIONES.**

Para todos los efectos de este contrato se fijan domicilios especiales en los lugares indicados en la comparecencia y se acepta el telegrama colacionado o cualquier otro medio auténtico para las notificaciones e intimaciones entre las partes.

Y para constancia se firman cuatro ejemplares del mismo tenor en el lugar y fecha indicados en la comparecencia.

Por PRESTATARIO:

Eduardo Caputto Frescuelo

Por Trizip S.A.:
Fiador

Eduardo Caputto Frescuelo

Directores:

_____

_____

Por CO-DEUDOR:

Eduardo Caputto Frescuelo

Por Citrícola Salteña Europa S.A.:
Fiador

Eduardo Caputto Frescuelo

Directores:

Por PRESTAMISTA:

_____

Carlos R. Cano

<u>CESIÓN Y RENOVACIÓN DE CONTRATO DE LÍNEA DE CRÉDITO PARA LA
PREFINANCIACIÓN DE EXPLOTACIONES</u>

En Montevideo, el 12 de febrero del año 2018, entre:

**POR UNA PARTE**:    **TRADE FINANCE TRUST**, una compañía incorporada bajo las leyes del Estado de Delaware, de los Estados Unidos de América, domiciliada en 1011 Centre Road, Suite 200 Wilmington, Delaware 19805,   representada por Carlos R. Cano, en su carácter de apoderado, domiciliada en1500 Broadway, Piso 17, Nueva York, Nueva York 5036, Estados Unidos,  (en adelante, "<u>TFT</u>" o "<u>Cesionario</u>"),

**POR OTRA PARTE**:    **IIG CAPITAL LLC**, una compañía organizada bajo las leyes de Nueva York, Estados Unidos, representada por Carlos R. Cano, en su carácter de apoderado, domiciliada en 1500 Broadway, Piso 17, Nueva York, Nueva York 5036, Estados Unidos, (en adelante, "<u>IIG</u>" o "<u>Cedente</u>"), y;

**POR OTRA PARTE**:    (I) **CITRÍCOLA SALTEÑA S.A.**, una sociedad anónima constituida de conformidad con las leyes de la República Oriental del Uruguay, representada en este acto por el Sr. Eduardo Caputto Frescuelo, en su carácter de Presidente del Directorio, domiciliada a estos efectos en Esteban Elena 6527, Montevideo, República Oriental del Uruguay (en adelante, "<u>Citrícola</u>") (II) **NOLIR S.A.**, una sociedad anónima constituida de conformidad con las leyes de la República Oriental del Uruguay, representada en este acto por el Sr. Eduardo Caputto Frescuelo, en su carácter de Presidente del Directorio, domiciliada a estos efectos en Esteban Elena 6527, Montevideo, República Oriental del Uruguay (en adelante, "<u>Nolir</u>" y junto con Citrícola los "<u>Cedidos</u>" y conjuntamente con el Cesionario y el Cedente las "<u>Partes</u>")

convienen la celebración del presente Contrato de Cesión y Renovación de Contrato de Línea de Crédito para la Prefinanciación de Explotaciones (en adelante, el "<u>Contrato</u>").

**PRIMERO. ANTECEDENTES.**

1.1 Con fecha 12 de febrero de 2015, el Cedente y los Cedidos, celebraron un contrato de línea de crédito a favor de Citrícola, para la prefinanciación de exportaciones de concentrados cítricos, mediante una línea de crédito "revolvente" por hasta la suma de US$ 2.500.000,00 (dólares estadounidenses dos millones quinientos mil) (en adelante, el "Contrato de Préstamo"), del cual Nolir es codeudor.

1.2 Los desembolsos a efectuarse en función del Contrato de Préstamo son documentados en vales y garantizados mediante warrants, certificados de depósito y/o cesión(es) de créditos entre otros, asumiendo Nolir S.A. el carácter de co-deudor solidario e indivisible de las obligaciones emergentes del Contrato de Préstamo.

1.3 Los Sres. Eduardo J. Caputto Frescuelo, Leonel Caputto Frescuelo, Silvia Rodríguez Fernández, Mario Caputto Gallo, por sí, Citrícola Salteña Europa S.A., y Trizip S.A., (en adelante, conjuntamente, los "Fiadores" y Citrícola Salteña Europa S.A., y Trizip S.A., también las "Avalistas"), se constituyeron como fiadores solidarios e indivisibles, en garantía del fiel cumplimiento y pago puntual de todas y cada una de las obligaciones asumidas por Citrícola y/o Nolir derivadas del Contrato de Préstamo, vales y demás documentos de la operación.

1.4 Es interés del Cedente ceder al Cesionario la totalidad de los derechos y obligaciones emergentes del Contrato de Préstamo, considerando que el Cesionario se encuentra en condiciones de cumplir cabal y fielmente con las obligaciones emergentes del mismo.

1.5 Se deja de manifiesto que el Cesionario es una sociedad afiliada del Cedente, es decir es una sociedad controlada/ del Cedente.

1.6 Es intención del Cesionario adquirir la totalidad de los derechos y obligaciones que surgen del Contrato de Préstamo.

1.7 Asimismo los Cedidos, compareciendo al presente Contrato manifiestan su conocimiento de la cesión, no siendo requerida su autorización en función que la cesión se realiza en su totalidad a favor de una sociedad afiliada del Cedente.

1.8 En virtud de lo antedicho, las Partes convienen en celebrar el presente contrato de cesión del Contrato de Préstamo, de acuerdo con los términos y condiciones que se acuerdan a continuación (en adelante, el "Contrato"). Se incluye el referido Contrato de Préstamo como Anexo I, el cual firmado por las Partes integra el presente.

**SEGUNDO. CESIÓN DEL CONTRATO.**

El Cedente cede en forma irrevocable a favor del Cesionario quien acepta, la totalidad de sus derechos, obligaciones y créditos emergentes del Contrato de Préstamo y todos sus documentos anexos o derivados del mismo, quedando por lo tanto el Cesionario en el mismo lugar, grado y prelación que el Cedente respecto al mismo.

El Cesionario por medio del presente adquiere los mismos beneficios y/o derechos, y/o acciones de que es titular el Cedente en virtud del Contrato.

**TERCERO. CONOCIMIENTO POR LOS CEDIDOS. NOTIFICACIÓN A FIADORES.**

Comparecen en el presente Contrato los Cedidos, reconociendo la presente cesión en los términos establecidos en este Contrato y firmando el presente Contrato como prueba de su conformidad.

La Cesionaria se obliga a notificar la presente cesión a los Fiadores y Avalistas mediante telegrama colacionado con acuse de recibo en el domicilio constituido de forma conjunta a los efectos del Contrato de Préstamo, en la calle Esteban Elena 6527, Montevideo, en un plazo no mayor a 3 (tres) días desde la suscripción del presente.

**CUARTO. FORMA DE PAGO.**

En virtud de la presente cesión, se establece como nueva Cuenta Colectora, en los términos del Contrato de Préstamo, a los efectos de recibir los pagos de los Cedidos y demás pagos derivados del Contrato de Préstamo, la siguiente:

Banco: Deutsche Bank
A nombre de: TFT FBO CITRICOLA SALTENA S.A.
Cuenta: 04-950-863
ABA #: 021-001-033
Código Swift: BKTRU33

Compareciendo los Cedidos al presente, los mismos reconocen de forma expresa la modificación de la cuenta colectora, debiendo a partir del día de la fecha realizar los pagos en, y reconocer a la cuenta mencionada precedentemente como Cuenta Colectora a todos sus efectos.

**QUINTO. RENOVACIÓN DEL CONTRATO DE PRÉSTAMO.**

Las Partes acuerdan mediante el presente establecer la renovación del Contrato de Préstamo, extendiendo por un plazo de 12 meses contados desde el día 12 de febrero de 2018, durante los cuales Citrícola podrá utilizar la línea de crédito, ello conforme se establece en el presente, en el Contrato de Préstamo y todos sus documentos derivados.

**SEXTO. PLAZO.**

La presente Cesión entrará en vigencia a partir del día de la fecha y se mantendrá vigente a lo largo de todo el Contrato de Préstamo, sin perjuicio de las causales de vencimiento anticipado establecidas en la cláusula undécimo del Contrato de Préstamo.

**SEPTIMO. JURISDICCIÓN Y LEY APLICABLE.**

8.1 Las Partes acuerdan que el presente Contrato se rige a todos sus efectos por las leyes de la República Oriental del Uruguay.

8.2 Asimismo, las Partes acuerdan someterse a la jurisdicción de los tribunales competentes de la ciudad de Montevideo, República Oriental del Uruguay, por cualquier conflicto que se suscite en cuanto a la interpretación, cumplimiento o ejecución del presente Contrato.

**OCTAVO. MORA.**

La Partes incurrirán en mora en el cumplimiento de las obligaciones pactadas, de pleno derecho, por el solo vencimiento de los plazos fijados o por todo aquello que directa o indirectamente se traduzca en hacer o no hacer algo contrario a lo pactado.

**NOVENO. DOMICILIOS ESPECIALES Y NOTIFICACIONES.**

Para todos los efectos de este contrato se fijan domicilios especiales en los lugares indicados en la comparecencia y se acepta el telegrama colacionado o cualquier otro medio auténtico para las notificaciones e intimaciones entre las partes.

Y para constancia se firman cuatro ejemplares del mismo tenor en el lugar y fecha indicados en la comparecencia.

**SEGUNDO. CESIÓN DEL CONTRATO.**

El Cedente cede en forma irrevocable a favor del Cesionario quien acepta, la totalidad de sus derechos, obligaciones y créditos emergentes del Contrato de Préstamo y todos sus documentos anexos o derivados del mismo, quedando por lo tanto el Cesionario en el mismo lugar, grado y prelación que el Cedente respecto al mismo.

El Cesionario por medio del presente adquiere los mismos beneficios y/o derechos, y/o acciones de que es titular el Cedente en virtud del Contrato.

**TERCERO. CONOCIMIENTO POR LOS CEDIDOS. NOTIFICACIÓN A FIADORES.**

Comparecen en el presente Contrato los Cedidos, reconociendo la presente cesión en los términos establecidos en este Contrato y firmando el presente Contrato como prueba de su conformidad.

La Cesionaria se obliga a notificar la presente cesión a los Fiadores y Avalistas mediante telegrama colacionado con acuse de recibo en el domicilio constituido de forma conjunta a los efectos del Contrato de Préstamo, en la calle Esteban Elena 6527, Montevideo, en un plazo no mayor a 3 (tres) días desde la suscripción del presente.

**CUARTO. FORMA DE PAGO.**

En virtud de la presente cesión, se establece como nueva Cuenta Colectora, en los términos del Contrato de Préstamo, a los efectos de recibir los pagos de los Cedidos y demás pagos derivados del Contrato de Préstamo, la siguiente:

Banco: Deutsche Bank
A nombre de: TFT FBO CITRICOLA SALTENA S.A.
Cuenta: 04-950-863
ABA #: 021-001-033
Código Swift: BKTRU33

Compareciendo los Cedidos al presente, los mismos reconocen de forma expresa la modificación de la cuenta colectora, debiendo a partir del día de la fecha realizar los pagos en, y reconocer a la cuenta mencionada precedentemente como Cuenta Colectora a todos sus efectos.

Por PRESTATARIO:

Eduardo Caputto Frescuelo

Por Trizip S.A.:
Fiador

Eduardo Caputto Frescuelo

Directores:

_____

_____

Por CO-DEUDOR:

Eduardo Caputto Frescuelo

Por Citrícola Salteña Europa S.A.:
Fiador

Eduardo Caputto Frescuelo

Directores:

Por PRESTAMISTA:

_____

Carlos R. Cano

## CESIÓN Y RENOVACIÓN DE CONTRATO DE LÍNEA DE CRÉDITO PARA LA PREFINANCIACIÓN DE EXPLOTACIONES

En Montevideo, el 12 de febrero del año 2018, entre:

**POR UNA PARTE**: **TRADE FINANCE TRUST**, una compañía incorporada bajo las leyes del Estado de Delaware, de los Estados Unidos de América, domiciliada en 1011 Centre Road, Suite 200 Wilmington, Delaware 19805,  representada por Carlos R. Cano, en su carácter de apoderado, domiciliada en1500 Broadway, Piso 17, Nueva York, Nueva York 5036, Estados Unidos,  (en adelante, "TFT" o "Cesionario"),

**POR OTRA PARTE**: **IIG CAPITAL LLC**, una compañía organizada bajo las leyes de Nueva York, Estados Unidos, representada por Carlos R. Cano, en su carácter de apoderado, domiciliada en 1500 Broadway, Piso 17, Nueva York, Nueva York 5036, Estados Unidos, (en adelante, "IIG" o "Cedente"), y;

**POR OTRA PARTE**: (I) **CITRÍCOLA SALTEÑA S.A.**, una sociedad anónima constituida de conformidad con las leyes de la República Oriental del Uruguay, representada en este acto por el Sr. Eduardo Caputto Frescuelo, en su carácter de Presidente del Directorio, domiciliada a estos efectos en Esteban Elena 6527, Montevideo, República Oriental del Uruguay (en adelante, "Citrícola") (II) **NOLIR S.A.**, una sociedad anónima  constituida de conformidad con las leyes de la República Oriental del Uruguay, representada en este acto por el Sr. Eduardo Caputto Frescuelo, en su carácter de Presidente del Directorio, domiciliada a estos efectos en Esteban Elena 6527, Montevideo, República Oriental del Uruguay (en adelante, "Nolir" y junto con Citrícola los "Cedidos" y conjuntamente con el Cesionario y el Cedente las "Partes")

convienen la celebración del presente Contrato de Cesión y Renovación de Contrato de Línea de Crédito para la Prefinanciación de Explotaciones (en adelante, el "Contrato").

**PRIMERO. ANTECEDENTES.**

    1.1 Con fecha 12 de febrero de 2015, el Cedente y los Cedidos, celebraron un contrato de línea de crédito a favor de Citrícola, para la prefinanciación de exportaciones de concentrados cítricos, mediante una línea de crédito "revolvente" por hasta la suma de US$ 2.500.000,00 (dólares estadounidenses dos millones quinientos mil) (en adelante, el "Contrato de Préstamo"), del cual Nolir es codeudor.

    1.2 Los desembolsos a efectuarse en función del Contrato de Préstamo son documentados en vales y garantizados mediante warrants, certificados de depósito y/o cesión(es) de créditos entre otros, asumiendo Nolir S.A. el carácter de co-deudor solidario e indivisible de las obligaciones emergentes del Contrato de Préstamo.

    1.3 Los Sres. Eduardo J. Caputto Frescuelo, Leonel Caputto Frescuelo, Silvia Rodríguez Fernández, Mario Caputto Gallo, por sí, Citrícola Salteña Europa S.A., y Trizip S.A., (en adelante, conjuntamente, los "Fiadores" y Citrícola Salteña Europa S.A., y Trizip S.A., también las "Avalistas"), se constituyeron como fiadores solidarios e indivisibles, en garantía del fiel cumplimiento y pago puntual de todas y cada una de las obligaciones asumidas por Citrícola y/o Nolir derivadas del Contrato de Préstamo, vales y demás documentos de la operación.

    1.4 Es interés del Cedente ceder al Cesionario la totalidad de los derechos y obligaciones emergentes del Contrato de Préstamo, considerando que el Cesionario se encuentra en condiciones de cumplir cabal y fielmente con las obligaciones emergentes del mismo.

    1.5 Se deja de manifiesto que el Cesionario es una sociedad afiliada del Cedente, es decir es una sociedad controlada/ del Cedente.

    1.6 Es intención del Cesionario adquirir la totalidad de los derechos y obligaciones que surgen del Contrato de Préstamo.

    1.7 Asimismo los Cedidos, compareciendo al presente Contrato manifiestan su conocimiento de la cesión, no siendo requerida su autorización en función que la cesión se realiza en su totalidad a favor de una sociedad afiliada del Cedente.

    1.8 En virtud de lo antedicho, las Partes convienen en celebrar el presente contrato de cesión del Contrato de Préstamo, de acuerdo con los términos y condiciones que se acuerdan a continuación (en adelante, el "Contrato"). Se incluye el referido Contrato de Préstamo como Anexo I, el cual firmado por las Partes integra el presente.

**SEGUNDO. CESIÓN DEL CONTRATO.**

El Cedente cede en forma irrevocable a favor del Cesionario quien acepta, la totalidad de sus derechos, obligaciones y créditos emergentes del Contrato de Préstamo y todos sus documentos anexos o derivados del mismo, quedando por lo tanto el Cesionario en el mismo lugar, grado y prelación que el Cedente respecto al mismo.

El Cesionario por medio del presente adquiere los mismos beneficios y/o derechos, y/o acciones de que es titular el Cedente en virtud del Contrato.

**TERCERO. CONOCIMIENTO POR LOS CEDIDOS. NOTIFICACIÓN A FIADORES.**

Comparecen en el presente Contrato los Cedidos, reconociendo la presente cesión en los términos establecidos en este Contrato y firmando el presente Contrato como prueba de su conformidad.

La Cesionaria se obliga a notificar la presente cesión a los Fiadores y Avalistas mediante telegrama colacionado con acuse de recibo en el domicilio constituido de forma conjunta a los efectos del Contrato de Préstamo, en la calle Esteban Elena 6527, Montevideo, en un plazo no mayor a 3 (tres) días desde la suscripción del presente.

**CUARTO. FORMA DE PAGO.**

En virtud de la presente cesión, se establece como nueva Cuenta Colectora, en los términos del Contrato de Préstamo, a los efectos de recibir los pagos de los Cedidos y demás pagos derivados del Contrato de Préstamo, la siguiente:

Banco: Deutsche Bank
A nombre de: TFT FBO CITRICOLA SALTENA S.A.
Cuenta: 04-950-863
ABA #: 021-001-033
Código Swift: BKTRU33

Compareciendo los Cedidos al presente, los mismos reconocen de forma expresa la modificación de la cuenta colectora, debiendo a partir del día de la fecha realizar los pagos en, y reconocer a la cuenta mencionada precedentemente como Cuenta Colectora a todos sus efectos.

**QUINTO. RENOVACIÓN DEL CONTRATO DE PRÉSTAMO.**

Las Partes acuerdan mediante el presente establecer la renovación del Contrato de Préstamo, extendiendo por un plazo de 12 meses contados desde el día 12 de febrero de 2018, durante los cuales Citrícola podrá utilizar la línea de crédito, ello conforme se establece en el presente, en el Contrato de Préstamo y todos sus documentos derivados.

**SEXTO. PLAZO.**

La presente Cesión entrará en vigencia a partir del día de la fecha y se mantendrá vigente a lo largo de todo el Contrato de Préstamo, sin perjuicio de las causales de vencimiento anticipado establecidas en la cláusula undécimo del Contrato de Préstamo.

**SEPTIMO. JURISDICCIÓN Y LEY APLICABLE.**

8.1 Las Partes acuerdan que el presente Contrato se rige a todos sus efectos por las leyes de la República Oriental del Uruguay.

8.2 Asimismo, las Partes acuerdan someterse a la jurisdicción de los tribunales competentes de la ciudad de Montevideo, República Oriental del Uruguay, por cualquier conflicto que se suscite en cuanto a la interpretación, cumplimiento o ejecución del presente Contrato.

**OCTAVO. MORA.**

La Partes incurrirán en mora en el cumplimiento de las obligaciones pactadas, de pleno derecho, por el solo vencimiento de los plazos fijados o por todo aquello que directa o indirectamente se traduzca en hacer o no hacer algo contrario a lo pactado.

**NOVENO. DOMICILIOS ESPECIALES Y NOTIFICACIONES.**

Para todos los efectos de este contrato se fijan domicilios especiales en los lugares indicados en la comparecencia y se acepta el telegrama colacionado o cualquier otro medio auténtico para las notificaciones e intimaciones entre las partes.

Y para constancia se firman cuatro ejemplares del mismo tenor en el lugar y fecha indicados en la comparecencia.

Por PRESTATARIO:

_____
Eduardo Caputto Frescuelo

Por Trizip S.A.:
Fiador

_____
Eduardo Caputto Frescuelo

Directores:

_____

_____

Por PRESTAMISTA:

_____
Carlos R. Cano

Por CO-DEUDOR:

_____
Eduardo Caputto Frescuelo

Por Citrícola Salteña Europa S.A.:
Fiador

_____
Eduardo Caputto Frescuelo

Directores:

_____

_____

## CESIÓN Y RENOVACIÓN DE CONTRATO DE LÍNEA DE CRÉDITO PARA LA PREFINANCIACIÓN DE EXPLOTACIONES

En Montevideo, el 12 de febrero del año 2018, entre:

**POR UNA PARTE**: **TRADE FINANCE TRUST**, una compañía incorporada bajo las leyes del Estado de Delaware, de los Estados Unidos de América, domiciliada en 1011 Centre Road, Suite 200 Wilmington, Delaware 19805, representada por Carlos R. Cano, en su carácter de apoderado, domiciliada en1500 Broadway, Piso 17, Nueva York, Nueva York 5036, Estados Unidos, (en adelante, "TFT" o "Cesionario"),

**POR OTRA PARTE**: **IIG CAPITAL LLC**, una compañía organizada bajo las leyes de Nueva York, Estados Unidos, representada por Carlos R. Cano, en su carácter de apoderado, domiciliada en 1500 Broadway, Piso 17, Nueva York, Nueva York 5036, Estados Unidos, (en adelante, "IIG" o "Cedente"), y;

**POR OTRA PARTE**: (I) **CITRÍCOLA SALTEÑA S.A.**, una sociedad anónima constituida de conformidad con las leyes de la República Oriental del Uruguay, representada en este acto por el Sr. Eduardo Caputto Frescuelo, en su carácter de Presidente del Directorio, domiciliada a estos efectos en Esteban Elena 6527, Montevideo, República Oriental del Uruguay (en adelante, "Citrícola") (II) **NOLIR S.A.**, una sociedad anónima constituida de conformidad con las leyes de la República Oriental del Uruguay, representada en este acto por el Sr. Eduardo Caputto Frescuelo, en su carácter de Presidente del Directorio, domiciliada a estos efectos en Esteban Elena 6527, Montevideo, República Oriental del Uruguay (en adelante, "Nolir" y junto con Citrícola los "Cedidos" y conjuntamente con el Cesionario y el Cedente las "Partes")

convienen la celebración del presente Contrato de Cesión y Renovación de Contrato de Línea de Crédito para la Prefinanciación de Explotaciones (en adelante, el "Contrato").

**PRIMERO. ANTECEDENTES.**

1.1 Con fecha 12 de febrero de 2015, el Cedente y los Cedidos, celebraron un contrato de línea de crédito a favor de Citrícola, para la prefinanciación de exportaciones de concentrados cítricos, mediante una línea de crédito "revolvente" por hasta la suma de US$ 2.500.000,00 (dólares estadounidenses dos millones quinientos mil) (en adelante, el "Contrato de Préstamo"), del cual Nolir es codeudor.

1.2 Los desembolsos a efectuarse en función del Contrato de Préstamo son documentados en vales y garantizados mediante warrants, certificados de depósito y/o cesión(es) de créditos entre otros, asumiendo Nolir S.A. el carácter de co-deudor solidario e indivisible de las obligaciones emergentes del Contrato de Préstamo.

1.3 Los Sres. Eduardo J. Caputto Frescuelo, Leonel Caputto Frescuelo, Silvia Rodríguez Fernández, Mario Caputto Gallo, por sí, Citrícola Salteña Europa S.A., y Trizip S.A., (en adelante, conjuntamente, los "Fiadores" y Citrícola Salteña Europa S.A., y Trizip S.A., también las "Avalistas"), se constituyeron como fiadores solidarios e indivisibles, en garantía del fiel cumplimiento y pago puntual de todas y cada una de las obligaciones asumidas por Citrícola y/o Nolir derivadas del Contrato de Préstamo, vales y demás documentos de la operación.

1.4 Es interés del Cedente ceder al Cesionario la totalidad de los derechos y obligaciones emergentes del Contrato de Préstamo, considerando que el Cesionario se encuentra en condiciones de cumplir cabal y fielmente con las obligaciones emergentes del mismo.

1.5 Se deja de manifiesto que el Cesionario es una sociedad afiliada del Cedente, es decir es una sociedad controlada/ del Cedente.

1.6 Es intención del Cesionario adquirir la totalidad de los derechos y obligaciones que surgen del Contrato de Préstamo.

1.7 Asimismo los Cedidos, compareciendo al presente Contrato manifiestan su conocimiento de la cesión, no siendo requerida su autorización en función que la cesión se realiza en su totalidad a favor de una sociedad afiliada del Cedente.

1.8 En virtud de lo antedicho, las Partes convienen en celebrar el presente contrato de cesión del Contrato de Préstamo, de acuerdo con los términos y condiciones que se acuerdan a continuación (en adelante, el "Contrato"). Se incluye el referido Contrato de Préstamo como Anexo I, el cual firmado por las Partes integra el presente.

**SEGUNDO. CESIÓN DEL CONTRATO.**

El Cedente cede en forma irrevocable a favor del Cesionario quien acepta, la totalidad de sus derechos, obligaciones y créditos emergentes del Contrato de Préstamo y todos sus documentos anexos o derivados del mismo, quedando por lo tanto el Cesionario en el mismo lugar, grado y prelación que el Cedente respecto al mismo.

El Cesionario por medio del presente adquiere los mismos beneficios y/o derechos, y/o acciones de que es titular el Cedente en virtud del Contrato.

**TERCERO. CONOCIMIENTO POR LOS CEDIDOS. NOTIFICACIÓN A FIADORES.**

Comparecen en el presente Contrato los Cedidos, reconociendo la presente cesión en los términos establecidos en este Contrato y firmando el presente Contrato como prueba de su conformidad.

La Cesionaria se obliga a notificar la presente cesión a los Fiadores y Avalistas mediante telegrama colacionado con acuse de recibo en el domicilio constituido de forma conjunta a los efectos del Contrato de Préstamo, en la calle Esteban Elena 6527, Montevideo, en un plazo no mayor a 3 (tres) días desde la suscripción del presente.

**CUARTO. FORMA DE PAGO.**

En virtud de la presente cesión, se establece como nueva Cuenta Colectora, en los términos del Contrato de Préstamo, a los efectos de recibir los pagos de los Cedidos y demás pagos derivados del Contrato de Préstamo, la siguiente:

Banco: Deutsche Bank
A nombre de: TFT FBO CITRICOLA SALTENA S.A.
Cuenta: 04-950-863
ABA #: 021-001-033
Código Swift: BKTRU33

Compareciendo los Cedidos al presente, los mismos reconocen de forma expresa la modificación de la cuenta colectora, debiendo a partir del día de la fecha realizar los pagos en, y reconocer a la cuenta mencionada precedentemente como Cuenta Colectora a todos sus efectos.

**QUINTO. RENOVACIÓN DEL CONTRATO DE PRÉSTAMO.**

Las Partes acuerdan mediante el presente establecer la renovación del Contrato de Préstamo, extendiendo por un plazo de 12 meses contados desde el día 12 de febrero de 2018, durante los cuales Citrícola podrá utilizar la línea de crédito, ello conforme se establece en el presente, en el Contrato de Préstamo y todos sus documentos derivados.

**SEXTO. PLAZO.**

La presente Cesión entrará en vigencia a partir del día de la fecha y se mantendrá vigente a lo largo de todo el Contrato de Préstamo, sin perjuicio de las causales de vencimiento anticipado establecidas en la cláusula undécimo del Contrato de Préstamo.

**SEPTIMO. JURISDICCIÓN Y LEY APLICABLE.**

8.1 Las Partes acuerdan que el presente Contrato se rige a todos sus efectos por las leyes de la República Oriental del Uruguay.

8.2 Asimismo, las Partes acuerdan someterse a la jurisdicción de los tribunales competentes de la ciudad de Montevideo, República Oriental del Uruguay, por cualquier conflicto que se suscite en cuanto a la interpretación, cumplimiento o ejecución del presente Contrato.

**OCTAVO. MORA.**

La Partes incurrirán en mora en el cumplimiento de las obligaciones pactadas, de pleno derecho, por el solo vencimiento de los plazos fijados o por todo aquello que directa o indirectamente se traduzca en hacer o no hacer algo contrario a lo pactado.

**NOVENO. DOMICILIOS ESPECIALES Y NOTIFICACIONES.**

Para todos los efectos de este contrato se fijan domicilios especiales en los lugares indicados en la comparecencia y se acepta el telegrama colacionado o cualquier otro medio auténtico para las notificaciones e intimaciones entre las partes.

Y para constancia se firman cuatro ejemplares del mismo tenor en el lugar y fecha indicados en la comparecencia.

Por PRESTATARIO:

Eduardo Caputto Frescuelo

Por CO-DEUDOR:

Eduardo Caputto Frescuelo

Por Trizip S.A.:
Fiador

Eduardo Caputto Frescuelo

Por Citrícola Salteña Europa S.A.:
Fiador

Eduardo Caputto Frescuelo

Directores:

Directores:

Por PRESTAMISTA:

Carlos R. Cano