

**Jordan D. Weinreich**
Partner
Direct: 973.302.9695
jweinreich@shermanwells.com

April 17, 2020

**By ECF**

Hon. Denise L. Cote, U.S.D.J.
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

**Re:** *Securities and Exchange Commission v. International Investment Group, LLP*
**Case No. 19-cv-10796**

Dear Judge Cote:

      This firm is counsel to Bank Leumi USA ("Bank Leumi" or the "Bank"). We write in response to the application filed jointly by IIG Structured Trade Finance Fund, Ltd. ("STFF") and IIG Global Trade Finance Fund, Ltd. ("GTFF") (Dkt. No. 110) seeking distributions from an account maintained at Bank Leumi by the Trade Finance Trust (the "Trust") into which proceeds from a trade finance loan made to Forestal Rio Calle S.A. were apparently deposited (the "Forestal Account"). As discussed herein, Bank Leumi does not take a position on this application.

      On November 26, 2020, the Court entered a Judgment and Preliminary Asset Freeze Order (Dkt. No. 9) (the "Freeze Order"). Pursuant to the Freeze Order, pending entry of final disposition of the SEC's claims, Bank Leumi was required to freeze certain accounts held at the Bank that were administered by IIG Trade Finance, LLC ("IIG Trade Finance") and maintained by the Trust. By its terms, the restrictions imposed upon Bank Leumi pursuant to the Freeze Order were vacated and lifted by the Court's entry of the SEC's proposed Final Judgment (Dkt. No. 103). Accordingly, Bank Leumi exercised its rights pursuant applicable law and the agreements with the Trust and IIG Trade Finance, and set-off from the accounts maintained by the Trust (including, but not limited to, the Forestal Account), pro rata, the total amount of $234,756.56 to repay the outstanding loan balance of $200,000 due and owing by IIG Trade Finance, and certain attorneys' fees incurred by Bank Leumi.[1]

      As such, Bank Leumi takes no position regarding the relief sought by STFF and GTFF, as it no longer has an interest in the funds maintained in the Forestal Account.[2]

---

[1] *See* Declaration of Evan Kroll, dated April 17, 2020 ("Kroll Decl."), at ¶3.

[2] We note that the bulk of the documents upon which STFF and GTFF rely in support of their application are entirely in Spanish, including a 58-page contract (Dkt. No. 111 at Ex. E), and they are not accompanied by the required certified English translations. *See, e.g., Kim v. Chung*

Hon. Denise L. Cote, U.S.D.J.
April 17, 2020
Page 2

However, we note that following the satisfaction of the loan and attorneys' fees, the balance in the Forestal account is $2,313,648.84, which is less than the aggregate amount of $2,382,666.57 sought by STFF and GTFF.[3]

Respectfully submitted,

*Jordan D. Weinreich*

Jordan D. Weinreich

Cc:  Counsel of record (by ECF)

4843-8429-8425, v. 3

---

*Sook Lee*, No. 18-CV-12230 (CM), 2019 WL 4688692, at *2 (S.D.N.Y. Sept. 24, 2019) (McMahon, Chief Judge) ("Although this Court's local rules do not prohibit submission of pleadings in a foreign language, '[i]t is clear, to the point of perfect transparency, that federal court proceedings must be conducted in English.'" (quoting United States v. Rivera-Rosario, 300 F.3d 1, 5 (1st Cir. 2002) (alteration in original)). "Documents not in English must be accompanied by an English translation." *Id.* *See also Rutgerswerke AG v. Abex Corp.*, No. 93-CV-2914 (JFK) 2001 WL 717078, *1 (S.D.N.Y. June 25, 2001) (Keenan, D.J.) ("The parties' pending motions in this case are dismissed without prejudice due to the parties' failure to include English translations of the documents submitted in support of the motions.")

Accordingly, Bank Leumi reserves all rights in the event that the appropriate certified translations are submitted to the Court in connection with this, or any future application(s) for distributions from any accounts held at Bank Leumi.

[3] Kroll Decl. at ¶5.